## No. 2492.

### W. B. HANCE AND WIFE *v.* GALVESTON WHARF COMPANY.

1. JUSTICE'S COURT.—In considering the validity of a judgment rendered by a justice of the peace, it is not necessary that the transcript should show everything prerequisite to the attaching of jurisdiction. Williams v. Ball, 52 Texas, 608, followed.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*Burns & Burns,* for appellants

*Alex. Sampson,* for appellee.

STAYTON, ASSOCIATE JUSTICE. This suit was brought by appellants to enjoin an execution issued under a judgment rendered against them in a justice's court. The grounds on which the injunction is sought are that the appellants were never cited, and that they did not appear by attorney.

The cause was tried without a jury, but no conclusions of law and fact are found in the record. A certified copy of the justice's record was offered in evidence. This shows that citation issued, and that on September 3, 1877, the parties appeared by attorney, when judgment was rendered against Mrs. Hance only, it reciting that citation issued to Mr. Hance had not been served. That judgment was set aside, and the cause was regularly continued thereafter from term to term until set for trial on December 10, 1877, at which time judgment was rendered against both defendants. Execution issued on that judgment July 10, 1878, and the execution which it is sought in this suit to enjoin was the second one issued.

The fact that the transcript from the justice's court does not expressly show that both the defendants were cited does not invalidate the judgment. Justice's courts, under the Constitution and laws of this State, are not courts of special jurisdiction in which all the facts which gave them jurisdiction in a particular case must appear or their proceedings be held of no effect. In Williams v. Ball, 52 Texas, 608, the rule applicable

to domestic judgments of courts of general jurisdiction was applied to a justice's judgment. If, in the case before us, the judge who tried the cause had based his judgment on the transcript from the justice's court, we would not be authorized to disturb it. He, however, heard evidence in the cause, and while there was a conflict, there was ample evidence to justify a finding that both the defendants were duly cited before the judgment was rendered.

There was no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered February 24, 1888.