J. P. BURNS v. J. C. BARKER ET AL.

Decided December 19, 1902.

1.—Justice Court Judgment—Collateral Attack—Recital of Service of Citation.

Where plaintiff sued to recover land bought by him at execution sale under the judgment of a justice court which recited that the defendants had been duly and legally cited in that court, such judgment was not subject to collateral attack in the land suit by showing that it was rendered upon service had on a legal holiday, since by the Constitution of Texas justice courts are courts of general jurisdiction within the province assigned to them.

2.—Same—Service on Legal Holiday—Judgment Not Void.

It seems that service of citation on a legal holiday is an irregularity such as must be taken advantage of in limine, and not such as will render the judgment void.

Appeal from the District Court of Leon. Tried below before Hon. J. M. Smither.

*Ball, Dean & Humphrey* and *S. W. Dean,* for appellant.

GILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellees, J. C. Barker and wife, to recover certain land. The action was in the ordinary form of trespass to try title, the defendants answering by plea of not guilty. A trial before the court without a jury resulted in a judgment for defendants, from which plaintiff has appealed.

There was rendered in the justice court of precinct No. 3 of Madison County, Texas, a judgment by default in favor of J. P. Guinn against J. C. Barker, J. R. Donahoe, and J. W. Meredith for the sum of $111.75 with interest and costs. The plaintiff claimed title to the land in question under a purchase at a sale under execution issued on the judgment above named, and offered the judgment, execution and sheriff's deed made in consummation of the sale in support of his claim. The admission of these instruments was opposed by defendants on the ground that the citation in the suit in which the judgment was rendered had been served on defendant J. C. Barker on the 25th day of December preceding the date of the judgment, and having been served on a legal holiday, the service was a nullity, and the judgment based thereon void. On these grounds they were permitted by the court over the objection of plaintiff to establish the grounds of their objection to the judgment by adducing a citation in said justice proceeding, the return upon which showed that it had been served upon Barker on December 25th. The court also permitted defendants to prove by parol that the service had been actually made upon Barker on that day. Upon hearing this proof, and it appearing that the justice judgment and the proceedings thereunder were the only basis for plaintiff's claim, the court refused to hear further proof, held the justice judgment a nullity, and rendered judgment for defendants. Of this action on the part of the trial judge the appellant here complains.

The course on the part of plaintiffs thus permitted by the court was a collateral attack upon the judgment made by one of the parties thereto. The general rule is that where the court has jurisdiction of the parties and the subject matter in the particular case, its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever. 1 Black on Judg., sec. 245. The rule applies to every judgment which is not absolutely void. Id., 246. A recital in a judgment that defendant was legally served with process, being a matter which the court must judicially ascertain before rendering his decree, cuts off all inquiry in a collateral proceeding as to the legality of the service. Treadway v. Eastburn, 57 Texas, 212; 1 Black on Judg., secs. 263, 274.

Such a judgment is sustained not because a judgment without notice is good, but because the law does not permit the introduction of evidence to overthrow that which for reasons of public policy it treats as absolute verity. The author quoted draws a distinction between inferior and superior courts, and in many jurisdictions the general rules above cited as applicable to courts of general jurisdiction are not applied to justice courts.

In this State, however, because our justice courts are created by the Constitution, and for other reasons fully and clearly presented in Williams v. Ball, 52 Texas, 608, they are held to be courts of general jurisdiction within the province assigned to them, and the general rules forbidding collateral attack are applied to them as to judgments of the superior courts. To the same effect is Hance v. Galveston Wharf Company, 70 Texas, 115, in which the Williams case, supra, is cited with approval. See also Guildford v. Love, 49 Texas, 740; Bumpus v. Fisher, 21 Texas, 567; Davis v. Robinson, 7 S. W. Rep., 749.

The judgment in question recited in terms that the defendants therein had been duly and legally cited to appear and answer, and under the authorities cited the truth of this could not be inquired into. In this view of the case, which necessarily requires a reversal, it is unnecessary to decide whether actual service on a legal holiday is a mere irregularity to be taken advantage of in limine, or a jurisdictional question which, if permissible to be proven in this proceeding, would render the judgment void. However, the cases cited by appellant (Cox v. Trent, 1 Texas Civ. App., 639; Williams v. Verne, 68 Texas, 414; Comer v. Jackson, 50 Ala., 384; 1 Black on Judgm., section 223) seem to sustain his contention upon this point also.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*