PEARSON et al. v. LLOYD et al. (No. 351.)

(Court of Civil Appeals of Texas. Beaumont. June 12, 1919. Rehearing Denied July 2, 1919.)

1. JUDGMENT ⟲⟹226—DESCRIPTION OF LAND —REVERSING CALLS.

Judgment *held* not void for lack of sufficient description of land involved where it was apparent from the judgment, by reversing the calls, that the beginning call for Twenty-Third street was a mistake, and that Twentieth street was meant.

2. JUDGMENT ⟲⟹951(3)—DESCRIPTION—EVIDENCE.

In action involving validity of judgment set up as res adjudicata, claimed by plaintiffs to be void for insufficiency of description, where it was apparent by reversing calls that Twentieth street was the beginning call instead of Twenty-Third street, as recited in judgment, and where description stated the land to be part of certain tract, evidence that Twenty-Third street did not touch such tract *held* admissible.

3. TRESPASS TO TRY TITLE ⟲⟹47(1) — CONSTRUCTION—TITLE OF LAND.

Judgment that plaintiff "have and recover" certain land, and that she "have her writ of possession," construed a judgment for both title and possession and not merely for possession.

4. JUDGMENT ⟲⟹518—VALIDITY—COLLATERAL ATTACK.

In an action to recover land, where answer set up judgment as res adjudicata, plaintiffs' supplemental petition, alleging invalidity of judgment for purpose of avoiding such defense, *held* a collateral and not a direct attack.

5. JUDGMENT ⟲⟹486(1)—VALIDITY—COLLATERAL ATTACK.

Where a domestic court of general jurisdiction has acquired jurisdiction of the parties and subject-matter, its judgment, unless reversed or annulled in some manner provided by law, or unless absolutely void, cannot be successfully attacked or impeached by parties thereto, or their privies, in any collateral proceeding.

6. JUDGMENT ⟲⟹501—VALIDITY—ERRONEOUS JUDGMENT—IRREGULARITIES.

Judgment of court having jurisdiction of subject-matter and parties is not absolutely void regardless of how erroneous such judgment or how irregular the proceedings leading to it might have been.

7. JUDGMENT ⟲⟹503—CAPACITY TO SUE—COLLATERAL ATTACK—DEFECTIVE PETITION.

That petition, in action by temporary administratrix, did not affirmatively show her authority from probate court to bring suit, does not render judgment for administratrix subject to collateral attack upon ground that court was without jurisdiction, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 3302, the judgment being a judicial determination that court had jurisdiction.

8. EXECUTORS AND ADMINISTRATORS ⟲⟹453(4) —CONCLUSIVENESS OF JUDGMENT—CAPACITY TO SUE—PRESUMPTION OF AUTHORITY.

In action in which answer set up, as res adjudicata, judgment rendered for temporary administratrix, it will be conclusively presumed, nothing appearing to the contrary in the record of the former case, that the temporary administratrix had authority to sue, though original petition did not allege authority.

9. JUDGMENT ⟲⟹743(2) — CONCLUSIVENESS — TITLE TO LAND—BENEFICIAL TITLE.

Action to recover land was barred as to the whole of the land by former judgment though at time of former action plaintiffs claimed title to only a half interest, the other half interest having been subsequently conveyed to them, where the beneficial title, as between owner of such half interest and plaintiffs, was in plaintiffs, the former holding legal title for plaintiffs.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by London Pearson and others against W. H. Lloyd, as temporary administrator of George Gostick, deceased, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Stanley Thompson, of Houston, for appellants.

Edw. H. Bailey, Jno. C. Williams, Jno. M. Cobb, H. Masterson, and H. N. Atkinson, all of Houston, for appellees.

HIGHTOWER, C. J. This suit was commenced by London and Addie Pearson, husband and wife, and Oscar Grubbs, as plaintiffs below, against W. H. Lloyd, as temporary administrator of George Gostick, deceased, and other defendants named in the petition of the plaintiff, the same being a direct proceeding by said plaintiffs to have canceled and set aside a judgment of the district court of Harris county, Tex., rendered in a cause styled W. H. Lloyd, Administrator, v. H. Yoakum et al., No. 51755 on the docket of said court, in which said cause the defendants in this case, who are appellees here, were defendants and interveners. Before the trial of this case Oscar Grubbs was dismissed as one of the plaintiffs, and the cause proceeded to trial with appellants, London and Addie Pearson, as the sole plaintiffs.

Appellants also sought in this case to recover from appellees the title and possession of approximately two acres of land described in their petition, title to which they claimed under the statutes of limitation of five and ten years. The land sought to be recovered by appellants in this suit was the subject-matter involved in said cause No. 51755, judgment in which was sought to be canceled and set aside, as above stated, which judgment

was adverse to appellants here, and, if valid and permitted to stand, divested all right, title, and interest out of them, and vested the same in the interveners and certain defendants, who filed cross-actions in that suit.

We shall not attempt to state the grounds of attack made by appellants upon the judgment in said cause No. 51755, but have concluded that the same was clearly vulnerable to some of the attacks made upon it, and subject to be set aside and canceled, as prayed by appellants in their direct proceeding for that purpose. This disposes of appellants' first and second assignments of error, complaining of the action of the trial court in refusing to cancel and set aside the judgment in said cause No. 51755, Lloyd, Administrator, v. Yoakum et al., and, if the action of the court in that regard were the only matter for determination here, it would follow that the judgment of the trial court would have to be reversed and the cause remanded.

The defendants in this cause, however, after answering by general demurrer and by general denial of any right in appellants to have canceled and set aside the judgment in said cause No. 51755, also alleged that on the 20th day of May, 1908, one Kate Weaser was appointed temporary administratrix of the estate of George Gostick, deceased, and that she was authorized in the order of appointment to bring suits against trespassers upon the estate of George Gostick, and that said Kate Weaser, as such temporary administratrix, brought suit in the district court of Harris county, Tex., against appellants for a tract of land, of which the two acres here in controversy constituted a part, and that afterwards, on the 7th day of July, 1908, judgment was rendered in said cause against appellants for the land here involved, and appellees set up such judgment in bar of appellants' right to recover herein. The judgment so interposed by appellees was rendered in a cause styled Kate Weaser, temporary administratrix of the estate of George Gostick, deceased, against London Pearson et al., and was numbered 45718 on the docket of the district court of Harris county. This judgment, when hereinafter mentioned, will be referred to as the Kate Weaser judgment.

There were other pleadings on the part of the appellees in this case unnecessary here to mention.

After filing of their answer by appellees setting up the Kate Weaser judgment in bar of appellants' suit, as above stated, appellants then filed in this case a supplemental petition, in which supplemental petition appellants for the first time attacked in any manner or upon any ground the Kate Weaser judgment. It is unnecessary to here state the several grounds of attack made by appellant on the Kate Weaser judgment.

The case was tried with a jury, and after appellants had introduced their evidence rel-

evant to their attack upon the judgment in cause No. 51755, Lloyd, Administrator, v. London Pearson et al., and also their evidence relative to their claim of title by limitation, appellees thereupon were permitted to introduce, over appellants' objection, the Kate Weaser judgment, after which the trial court peremptorily instructed a verdict against appellants and in favor of appellees for the two acres here in controversy.

Appellants' third, fourth, fifth, V½, and seventh assignments of error are grouped and submitted together, followed by many propositions.

By the third assignment it is claimed generally that the court committed error in admitting in evidence the Kate Weaser judgment over appellants' objection.

By the fourth assignment it is complained that the court erred in not permitting appellants to introduce in evidence the petition, citation, and return thereon in the Kate Weaser case, and in thereby refusing to permit appellants to show that the Kate Weaser judgment was founded on said petition and citation, and in refusing to permit appellants to prove by the clerk of the court that no other petition, citation, or return was filed in said cause, appellants claiming that it appeared from said petition, citation, and return that the court had no jurisdiction in that cause to render any judgment.

By the fifth assignment, it is claimed, substantially, that the trial court erred in holding that the Kate Weaser judgment was a valid judgment and constituted a bar to appellants' right to recover in this suit, and especially that the court erred in holding that said judgment barred appellants' right to recover a one-half interest in the land here involved, appellants claiming that it appeared from the evidence that at the time said judgment was rendered, as well as at the time said suit was commenced, a one-half interest in the land here involved was in one James Grubbs, and that he was not a party to said suit.

By assignment V½ it is complained, substantially, that the trial court erred in refusing to allow appellants to show that at the time the Kate Weaser judgment was rendered, and at the time that suit was commenced, Kate Weaser had not in fact been appointed and was not in fact temporary administratrix of the estate of George Gostick, and also that the court erred in refusing to allow appellants to show that the judgment in that cause was obtained by fraud.

By the seventh assignment it is complained, in effect, that the court erred in permitting a witness, R. M. Little, to testify, over objection of appellants, in aid of the description of the land involved in the Kate Weaser judgment, the ground of objection being that it was an attempt to vary and contradict the judgment on the part of appellees.

By the first proposition under these grouped

assignments it is contended, in effect, that the Kate Weaser judgment was void for lack of sufficient description.

The description of the land, as shown by the judgment, is as follows:

"All that portion of the John Austin two-league grant in Harris county, Texas, out of the Gostick home tract, being a part of the Ward tract in said county, and bounded and described as follows, to wit:

"Beginning at a point 600 feet west of the intersection of the Montgomery road with 23d street as extended from Houston Heights.

"Thence north 300 feet; thence west 500 feet to the west line of the Gostick homestead; thence south with said west line 300 feet to corner in the north line of 20th street; thence east 500 feet to the place of beginning."

The second proposition is, in effect, that if the description in the judgment is sufficient to identify any land, that, nevertheless, such land is not that here sued for by appellants, and hence the Kate Weaser judgment would be no bar against appellants; and by the third proposition it is contended, in effect, that the Kate Weaser judgment having been pleaded by appellees as res adjudicata and also as outstanding title, they were bound by the very description contained in the judgment itself and could not properly be permitted to show that there was any mistake in the description as contained in the judgment, since there was no pleading by appellees of any such mistake, and that, if there had been such pleading, it would have been too late to have corrected the description, since more than four years had elapsed from the date of the judgment.

[1, 2] It is shown by the record in this case, without dispute, that Twenty-Third street nowhere touched the Gostick land; and it is apparent from the judgment, by reversing the calls for the description, as there contained that the beginning call for Twenty-Third street was a mistake, and that it was clearly intended that Twentieth street was meant for that call; and the intentions of the parties thus being apparent, there was no error on the part of the court in overruling appellants' objection on the ground of insufficiency of description, nor was there error in permitting the evidence showing that Twenty-Third street nowhere touched the Gostick land. Carlisle v. King, 103 Tex. 620, 133 S. W. 241. Therefore the three propositions just mentioned and the assignments to which they relate are overruled.

By the fourth proposition it is contended that the Kate Weaser judgment was a judgment for the possession only of the land there involved, and therefore not conclusive against appellants in this suit, since this suit is one for title.

The language of the judgment relative to this point was as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, Mrs. Kate Weaser, temporary administratrix of the estate of George Gostick, deceased, do have and recover of and from the defendants, London Pearson, Mrs. London Pearson, and Wesley Thomas, the following described property and real estate, with all the appurtenances thereto in any wise belonging: [Then follows the description of the land as hereinbefore shown]."

And further:

"For which she may have her writ of possession and all costs in this behalf expended, for which she may have her execution against each of the defendants in this cause."

[3] We do not construe this judgment to be one for possession only of the land there involved, but that it is a judgment for both title and possession, and this proposition and the assignments to which it relates are overruled.

The fifth proposition is relative to the contention made by the assignment to the effect that there was no pleading by appellees showing a mistake in the description of the land as contained in the Kate Weaser judgment, and that therefore the court was bound to take the description of the judgment as shown by its very language.

What we have said with reference to the first, second, and third propositions under these assignments disposes of this one, and it is overruled.

The sixth proposition under these assignments we quote as follows:

"The Kate Weaser judgment was void on its face for want of proper description of the land sought to be affected, and it appearing on the face of the judgment that the suit was brought by Kate Weaser as temporary administratrix of the estate of George Gostick, deceased, and an inspection of the records that the petition, upon which the judgment was based, did not allege that the said Kate Weaser had ever been authorized by the probate court appointing her as said temporary administratrix to bring said suit or any other suit, and therefore no testimony could have been received that she had authority to sue, and the judgment itself, upon its face, shows that no testimony was ever received by the court rendering the judgment, and the judgment shows upon its face that it was rendered without evidence or finding of any kind, and the pleadings of the defendants in this case at bar showed that Kate Weaser had never been appointed temporary administratrix at the time the Kate Weaser suit was commenced, the said pleadings of defendants, and the testimony offered by plaintiffs, showed that the suit was commenced May 8, 1908, citation issued and served May 12, 1908, and the appointment of Kate Weaser as temporary administratrix was not made until May 20, 1908.

"The judgment was void and not binding on the defendants in the Kate Weaser case for the reason that it was not reciprocal, and would not have bound the estate of Geo. Gostick, had

judgment been rendered against Kate Weaser, as administratrix of said estate, and in favor of London Pearson and wife, she not being in fact temporary administratrix of said estate at the time the suit was brought, and of course not having authority so to do."

The judgment in full in the case of Kate Weaser, temporary administratrix of the estate of George Gostick, Deceased, v. London Pearson et al., No. 45718, is as follows:

"On this the 7th day of July, 1908, at a regular term of said court, the above styled and numbered cause coming on in its regular order, the plaintiff, Mrs. Kate Weaser, temporary administratrix of the estate of George Gostick, deceased, appeared by her attorneys of record, and announced ready for trial, and the defendants, London Pearson, Mrs. London Pearson, and Wesley Thomas, though each having been duly cited, as required by law, failed to appear and answer in this behalf, but wholly made default; wherefore the said plaintiff ought to recover against the defendants herein the land in controversy.

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff Mrs. Kate Weaser (temporary administratrix of the estate of George Gostick, deceased) do have and recover of and from the defendants, London Pearson, Mrs. London Pearson, and Wesley Thomas, the following described property and real estate, with all the appurtenances thereto in anywise belonging."

Then follows the description of the land involved in that suit, as hereinbefore set out, and which description we have said above was sufficient, and then the judgment proceeds as follows:

"For which she may have her writ of possession and all of her costs in this behalf expended, for which she may have her execution against each of the defendants in this cause."

Therefore, if we are correct in that. the contention that the judgment was void for lack of sufficient description cannot be sustained, and that much of the proposition is overruled.

For the purpose of showing that the Kate Weaser judgment was void, and therefore no bar to appellants' right to recover in this suit, they offered in evidence on the trial below the following petition:

"The State of Texas, County of Harris. In the District Court of said County.

"To the Honorable Judge of said Court:

"Your petitioner, Mrs. Kate Weaser, who resides in said county and state, and who is hereinafter styled plaintiff, complaining of London Pearson, and also his wife, Mrs. London Pearson, and of Wesley Thomas, who resides in Harris county, Texas, and are hereinafter styled defendants, with respect shows ·to the court:

"That the plaintiff is the temporary administratrix of the estate of George Gostick, deceased, and that she is duly qualified and commissioned as such administratrix.

"That as such administratrix she is the legal and equitable owner of and entitled to the possession of all that certain portion of the John Austin two league grant in Harris county, Texas, out of the Gostick home tract, being a part of the Ward tract in said grant, and bounded and described as follows, to wit:

"[Here follows a description of a tract of land which, according to the undisputed record in this case, included the land here in controversy.]

"And that she was so entitled to such possession on the 8th day of May, 1908, and that on the 9th day of May, 1908, defendants unlawfully and forcibly entered upon said land and ejected this plaintiff therefrom, to her damage in the sum of $500.

"This plaintiff shows to the court that said defendants were tenants of the said George Gostick in his lifetime; that they paid rents to the said George Gostick; and that said George Gostick died in the fall of the year 1906; and that since his death said defendants have been setting up some sort of claim to said land and to the improvements thereon, and have refused to surrender possession thereof to this plaintiff.

"Wherefore plaintiff sues and prays that defendant be cited to appear and answer this petition, and that upon trial hereof she have judgment for the title and possession of said lands, and that she be awarded her writ of possession, and she further prays for costs and for general relief."

The petition was duly signed by counsel. It bears file mark of May 9, 1908.

Appellants also offered in evidence, for the same purpose, along with such petition a citation clearly showing upon its face that it was issued upon the foregoing petition, and the date of its issuance was May 11, 1908.

Appellees in this suit, in their answer setting forth the Kate Weaser judgment as a bar to appellants' recovery, alleged that Kate Weaser was appointed temporary administratrix of the estate of George Gostick, deceased, on the 20th day of May, 1908, and that she duly qualified as such administratrix on that day. The order of the probate court appointing her bears date May 20, 1908, and specifically authorized her, as such temporary administratrix, to bring all suits that might be deemed necessary by her for the recovery, protection, etc., of lands belonging to said estate. It will be noted from the petition by Kate Weaser, as administratrix, against London Pearson et al., as above copied, that it was not specifically alleged therein that she had been authorized by the probate court to bring that suit for the recovery of the land there involved; and one of the main contentions of appellants here is that, in the absence of such allegation of authority to bring that suit, the district court of Harris county, in which it was filed, had no jurisdiction to render the judgment in that case by which she, as temporary administratrix of the es-

tate of George Gostick, deceased, recovered as against appellants the title and possession of the land here involved, and that, said district court being without jurisdiction in that cause to render said judgment, the same was void, and subject to attack by appellants at any time and place. It is not denied by appellants that they were duly cited to appear and answer the Kate Weaser suit, and the judgment in that suit affirmatively shows that they were duly cited, but wholly ma le default, and did not answer or in any manner appear in that suit.

It occurs to us that the right of appellants to attack the Kate Weaser judgment and show its invalidity on the grounds interposed by them depends upon whether the attack as made by them on that judgment is a direct or only a collateral one. It is the contention of appellants that the attack made by them on that judgment, as above shown, was a direct and not a collateral attack; but that, if their attack be only a collateral one, nevertheless it should have been allowed and sustained, because, as they contend, said judgment was absolutely void.

As shown above, no mention was made by appellants in their pleadings in this case of the Kate Weaser judgment until appellees filed their answer, in which they set up the Kate Weaser judgment as a bar against appellants herein, and then for the first time, by supplemental petition, answered that the Kate Weaser judgment was void on all the grounds which are indicated by their several assignments of error now under discussion.

The Supreme Court of this state in the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, had occasion to differentiate between a direct and a collateral attack on a judgment, and discussed at some length the question. Among other things, it was there said:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc.

"A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect," etc.

It was there further held:

"The general rule is well established that a judgment rendered by a court, even of general jurisdiction, is void if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject-matter of the litigation. This principle is self-evident, because until the court acquires jurisdiction it has no power to proceed to investigate and determine private rights. Logically it can make no difference as to the validity of the judgment whether the lack of jurisdiction of the person or the subject-matter appears from the face of the record or is made to appear by evidence aliunde. For if, for instance, no service was had upon the defendant, he not appearing in the case, the court, having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that he had been in fact duly served; and logically this want of power is the same whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law equally well settled, upon principles of public policy, which precludes inquiry by evidence aliunde the record, in a collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face, into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled that where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence dehors the record that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment, and therefore for all practical purposes in such collateral attack the judgment is held valid."

And further:

"Since the rule of public policy above referred to precludes inquiry in a collateral attack into even a jurisdictional fact, when the evidence thereof does not appear from the face of the record, it must follow, for stronger reasons, that the judgment in this case affirming the sale cannot be attacked collaterally by evidence dehors the record to the effect that the sale was not in fact made at the place required by law. The court in confirming the sale will be conclusively presumed in this collateral attack to have investigated and determined correctly that the sale was made at the proper place, and no evidence aliunde to the contrary will be permitted to impeach the correctness of the judgment. * * *"

If the holding of the Supreme Court in Crawford v. McDonald, supra, as to what constitutes a collateral attack upon a judgment and what constitutes a direct attack, be correct, then it must follow, we think, that the attack here made by appellants on the Kate Weaser judgment is a collateral attack and not a direct one. Certainly it cannot be held that appellants' supplemental petition, which was in answer to appellees' pleading setting up the Kate Weaser judgment as a bar to appellants' suit, constituted a proceeding instituted by them to amend, correct, reform, vacate, or enjoin the execu-

tion of the Kate Weaser judgment, nor was such supplemental petition in the nature of a motion for rehearing, an appeal, or any other form of writ of error in that cause, or a bill in equity for the purpose of reviewing the judgment in that cause.

It was not even prayed by them that the Kate Weaser judgment be in any manner corrected or reformed or canceled or vacated by the court in that cause, nor was it even prayed that this attack for the first time by the supplemental petition be taken and considered by the court as a cross-action by appellants to vacate, cancel, or set aside the Kate Weaser judgment.

[4] Under the authority of Crawford v. McDonald, supra, we have concluded that appellants' attack upon the Kate Weaser judgment, as made by their supplemental petition, and as sought to be followed up and sustained by their offer in evidence of the petition and citation, which they claim was the only petition and citation ever issued in the Kate Weaser case, must be held to be only a collateral attack upon the Kate Weaser judgment. Such attack, in our opinion, was only an attempt by appellants to avoid the binding force of the Kate Weaser judgment, and not a proceeding instituted by them for the purpose of correcting, modifying, vacating, setting aside, canceling, or enjoining that judgment. Crawford v. McDonald, supra; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329.

[5] And if the Kate Weaser judgment was not void upon its face, the trial court was not in error in refusing to permit appellants to introduce in evidence in support of their collateral attack the petition and citation offered by them and claimed by them to be the petition and citation upon which that judgment was based.

We understand the rule to be settled to the effect that where a domestic court of general jurisdiction has acquired jurisdiction of the parties and subject matter, its judgment, unless reversed or annulled in some manner provided by law, cannot be successfully attacked or impeached by parties thereto or their privies in any collateral proceeding, and that this rule applies to every character of judgment which is not absolutely void. Finch v. Edmonson, 9 Tex. 504; Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Odle v. Frost, 59 Tex. 684; Burns v. Barker, 31 Tex. Civ. App. 82, 71 S. W. 328.

[6] The suit of Kate Weaser, Temporary Administratrix, v. London Pearson et al., in the district court of Harris county, Tex., was one in the form of trespass to try title to land, and the judgment in that cause shows affirmatively that appellants here, who were defendants there, were duly cited as required by law to appear and answer the plaintiff's petition in that case, and that they failed to do so, and judgment was rendered against them by default. Now, if the district court of Harris county had jurisdiction of the subject-matter and parties in that suit, then it cannot be successfully contended that its judgment was absolutely void, however erroneous such judgment or irregular the proceedings leading to it might have been, and, not being absolutely void, appellants could not, by their collateral attack in this case, avoid its binding force or effect.

In the case of Templeton v. Ferguson, supra, the Supreme Court of this state, among other things, said:

"Jurisdiction is the power of a court to hear and determine a cause and enforce its decree. The exact legal signification varies with the circumstances under which it is used, and a failure to observe this fact often produces confusion and leads to the statement of inaccurate legal propositions."

It is not contended by appellants, of course, that the district court of Harris county was without jurisdiction, under the law, to hear and determine an action of trespass to try title, as was the Kate Weaser suit, and, therefore, as we understand their contention, the jurisdiction of that court over the subject-matter involved in that suit is not questioned, but the jurisdiction is questioned by appellants on the ground that unless it affirmatively appeared from the petition of Kate Weaser in that suit that she was authorized as temporary administratrix by the probate court to bring that suit, that then said district court was without jurisdiction to hear and determine that cause or to enter any valid judgment therein. In support of this contention appellants rely upon article 3302, Vernon's Sayles' Statutes. That article provides:

"Temporary administrators shall have and exercise only such rights and powers with regard to the estate, or such portions thereof as may be committed to their charge, as are specifically and clearly expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized, shall be void."

[7] We do not think that this statute can be construed as sustaining appellants' contention. When the petition of the plaintiff, Kate Weaser, as temporary administratrix of the estate of George Gostick, was presented to the court in that suit, the court was, of course, called upon to judicially determine whether the petition stated facts which authorized the court to act; and even if it should be conceded that the court, in determining that question, was in error, nevertheless it was, in legal contemplation, a judicial determination of the cause, and was the exercise of its judicial functions; and its judgment, if erroneous, never having been appealed from or in any manner set aside, must

be held to be binding upon appellants, and to import absolute verity as against the collateral attack made by appellants thereon. Templeton v. Ferguson, supra.

[8] And now, with reference to the contention of appellants that they should have been permitted to prove that Kate Weaser was not in fact temporary administratrix at the time she filed said suit, it should be answered, as against their collateral attack, that it must be conclusively presumed that she was authorized in that capacity to file and prosecute said suit, nothing appearing affirmatively to the contrary in the record of that case. It is true that the petition which was offered in evidence by appellants, and bearing the file mark of May 9, 1908, and the citation upon that petition, purporting to have been issued May 11, 1908, would indicate and show that such petition and citation were filed and issued on those respective dates; and appellants contend that these papers, being parts of the record in that case, show clearly and affirmatively that the judgment in the case rendered in July following was based upon such petition and citation alone, or, if not, that they should have been permitted to show by the clerk of the court, as they offered to do, that no other petition or citation was in fact filed in that case. We think that appellants are wrong in their contention that because this petition and citation were found in the record it thereby affirmatively appears that the judgment in the case was based upon them and upon no other; but, on the contrary, we think, in view of the fact that the attack here made by them on the Kate Weaser judgment is a collateral one, and the judgment itself being not void upon its face, but importing absolute verity, the presumption should be indulged, if necessary, in keeping with the public policy rule in such cases, that a later petition was filed by Kate Weaser as temporary administratrix, after her appointment as such, and that citation to appellants, defendants in that cause, was duly and legally issued and served, as declared by the judgment.

We therefore hold that there was no error committed by the trial court in refusing to permit the introduction in evidence of the petition and citation offered by appellant.

We think there is nothing in appellants' contention that the Kate Weaser judgment is not binding upon them for the reason, as claimed by them, that it would not have been binding as against the Gostick estate had the judgment been in favor of appellants. We think that the same rule which protects the appellees in this case would also be ample protection to appellants had the judgment been in their favor, as against any attack thereafter made by the Gostick estate.

As to the seventh proposition under the above assignments, we say that in our opinion there is no uncertainty or ambiguity on the face of the Kate Weaser judgment as to the capacity in which she brought the suit—that is, whether as an individual or as temporary administratrix of the Gostick estate—but think that it appears therefrom with reasonable certainty that the suit was brought by her in her capacity as temporary administratrix, and that the judgment was rendered in her favor in that capacity.

We also think that there is nothing in appellants' contention as made by propositions 8 and 8½ under these assignments, and they are overruled.

The ninth proposition points out supposed error in that the Kate Weaser judgment could have no bearing as to a one-half interest in the property in controversy sued for by appellants, for the reason, as claimed by them, that at the time that suit was brought and said judgment rendered a one-half interest to the land was in James Grubbs, who was not a party to the Kate Weaser suit, and who thereafter conveyed his one-half interest to appellants.

The record does disclose that appellants, by deed dated October 26, 1907, conveyed a one-half interest in the land in controversy to James Grubbs, and that the title thereto apparently remained in James Grubbs until the 1st day of March, 1911, when he reconveyed it to appellant London Pearson. It is true, also, that James Grubbs was not a party to the Kate Weaser suit. It appears, however, from the pleadings of the appellants in this case, that the real and beneficial title to the land in controversy, as between James Grubbs and appellants, was in the latter at the time the Kate Weaser suit was filed, and at the time judgment therein was rendered in favor of appellees, and that James Grubbs, at the most, at each of said dates held only the naked legal title and had paid no consideration therefor whatever, and, recognizing the character of his title, voluntarily reconveyed the same to appellant, London Pearson.

[9] This being true, we think there is nothing in appellants' contention as made by this proposition, and it is not sustained.

It follows from what we have said that all the foregoing assignments of error which we have thus far been discussing should be, and they are, overruled.

The sixth assignment complains of the action of the court in permitting testimony offered by appellees to the effect that the deed from London Pearson and wife to James Grubbs, just above mentioned, was without consideration, and that the consideration for same had failed, on the ground that there was no pleading by appellees to that effect, and therefore appellees were not authorized to question the title to one-half of the land in controversy to James Grubbs, etc.

What we have just said, in effect, disposes of this assignment, for the reason that appel-

lees were only permitted to show by proof the very fact that appellants had alleged, showing that the real and beneficial title to the half interest of the land in controversy was not in Grubbs at the time of the filing of the Kate Weaser suit or at the time of the judgment, but only the mere naked legal title thereto was in him, and therefore this assignment is overruled.

What we have said above also, in effect, disposes of appellants' eighth assignment of error, which complains, substantially, that they should have been permitted to go to the jury on their claim of title by limitation.

This, in effect, disposes of all assignments of error, and believing that none of them point out reversible error, all are overruled.

At a former day during the present term of this court it was ordered by this court that the trial court's judgment herein be reversed and the cause remanded for a new trial, but at the date that order was made no written opinion had been prepared, and thereafter this court went further into the consideration of this case, and then reached the conclusion that the former order was wrong, and that the judgment of the trial court should be affirmed.

At the time the former order was made reversing and remanding this cause we had concluded that appellants' contention, to the effect that the attack by them upon the Kate Weaser judgment was direct, or should be considered to be a direct attack, and not a collateral one, was correct, and we thought at the time that appellants' contention on that point had support in the following cases: Hamer v. Sanford, 189 S. W. 343; Scanlan v. Campbell, 22 Tex. Civ. App. 505, 55 S. W. 501; Graham v. East Texas Land Imp. Co., 50 S. W. 579. After a more thorough consideration of those cases, however, in connection with the record in this case, we concluded that the records in those cases as to the pleadings of the parties were clearly distinguishable from the record in this case, and that those cases are really not authority for appellants' contention as to the character of their attack on the Weaser judgment in this case. We shall not here attempt to discuss or make the distinction which we think exists in those cases, but, if we be mistaken in the view that they are distinguishable, then we have concluded that the opinions in those cases must be held to be in conflict with the opinion of the Supreme Court of this state in Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, and in Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329.

We have, therefore, on our own motion, set aside the order reversing the judgment and remanding this cause, and here now hold that the trial court's judgment should be affirmed, and it will be ordered accordingly.