## BORDERS v. HIGHSMITH. (No. 946.)

(Court of Civil Appeals of Texas. Beaumont. May 4, 1923. Rehearing Denied May 16, 1923.)

1. **Justices of the peace** ⚌91(1), 138(5)—**Oral pleadings permitting in justice court but notation required on docket.**

   Pleadings in justice courts may be oral or may be partly oral and partly written, but, where oral, it shall be noted on the docket.

2. **Justices of the peace** ⚌81(4)—**Citation from justice court to nonresident need not be accompanied by certified copy of written pleading.**

   A citation from a justice court to a nonresident defendant need not be accompanied by a certified copy of a written pleading in that court.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes

**3. Justices of the peace ⬥119(3)—Defect in return held not to affect jurisdiction.**

Where the only defect in the return of the sheriff's writ was his failure to let it show a county of which he was sheriff, being amendable without consent of defendant or without notice to him, it did not affect jurisdiction to render judgment.

**4. Justices of the peace ⬥129(2)—To give validity to judgment, presumed that second citation issued was properly returned.**

Where the only defect in the return of a writ was the failure of the sheriff to let it show the county of which he was sheriff, and there was ample time for the issuance and return of another citation between the first return and judgment in the case, in a collateral action attacking validity of the judgment rendered, to give validity to the former judgment it will be presumed that a second citation issued and was properly returned.

**5. Justices of the peace ⬥129(4)—Failure to appeal from judgment held waiver of defect in sheriff's return.**

Where a defect in the return of the officer's writ was his failure to show the county of which he was sheriff, and no appeal was taken from the judgment rendered, such irregularity or defect was waived by defendant's failure to appeal.

**6. Justices of the peace ⬥129(1)—Attack on judgment held collateral.**

In action for possession of land, where plaintiff alleged that defendant's only claim to the land was based on a judgment of a justice court alleged to be void, but did not pray for its cancellation or that it be in any manner disturbed or arrested, and the plaintiff in the justice action was not made a party, the attack on the judgment was collateral.

**7. Judgment ⬥455—Judgment canceled only in forum in which rendered.**

In order to cancel or annul a judgment, the forum invoked must be that in which the judgment assailed was rendered, and the parties and subject-matter must be the same in both actions.

**8. Judgment ⬥497(2)—Not collaterally impeached by proof or lack of services where judgment recites due service.**

The judgment of a domestic court of general jurisdiction cannot be collaterally impeached by proof of lack of service by a party to it or his privies, where the judgment expressly recites due service.

**9. Justices of the peace ⬥129(4)—Recitation of due service in judgment imports absolute verity as against collateral attack.**

Express recitation of due service in a justice court judgment imports absolute verity as against collateral attack.

**10. Execution ⬥128—Sheriff's deed not void because debtor lacked opportunity to point out other property to be levied on.**

A sheriff's sale of land and deed thereto are not void because no opportunity was given judgment debtor to point out other property to be levied on.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by H. D. Borders against C. C. Highsmith. Judgment for defendant, and plaintiff appeals. Affirmed.

Thos. R. Cox and A. C. Allen, both of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellee.

HIGHTOWER, C. J. This appeal is from a judgment of the Eleventh district court of Harris county in favor of the appellee and against appellant for a certain tract of land in that county. In order to a clear understanding of the nature and purpose of this suit, it is necessary, perhaps, that we make a brief statement of the nature and result of a prior suit between the same parties.

On April 7, 1917, H. D. Borders, the appellant here, filed a suit in the Eleventh district court of Harris county against C. C. Highsmith, the appellee, in which Borders sought to recover from Highsmith the same tract of land that was awarded to Highsmith by the judgment in the present suit. Highsmith, as defendant in the prior suit, made due answer, and also filed a cross-action against Borders and one Morgan Dunn for the title and possession of the land, and further sought an injunction as against Dunn to prevent his trespassing on the land. The trial of the prior suit was had on December 14, 1918, resulting in a judgment in favor of Highsmith for all the land involved, but the judgment made no disposition of Dunn, and because of the failure to dispose of Dunn the judgment was not final.

In September, 1919, Borders, as plaintiff, filed this suit in the Eleventh district court of Harris county, making Highsmith and Dunn defendants for the purpose of obtaining a decree canceling and setting aside the judgment in the prior suit, alleging that said judgment was not a final one because not disposing of Dunn, but that said judgment, upon its face, appeared to be final and binding, and that thereby a cloud was cast upon his title to the tract of land which the judgment purported to award to Highsmith. Upon these allegations Borders prayed for cancellation of the prior judgment, for removal of the cloud upon his title, and for general relief. It is proper to state also in this connection that in his petition in this suit Borders alleged, in substance, that the only claim of title that Highsmith had to the land involved was based upon a judgment of one of the justice courts of Harris county in favor of one E. P. Howell against himself, Borders, and that such judgment was by default, and

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he alleged that the same was void because there was no legal service of citation upon him in that suit. He also alleged that the sheriff's sale and deed under the judgment were void because he was not given an opportunity by the sheriff to point out other property to be levied on, which he alleged he could have done. He did not pray, however, for cancellation of the justice court judgment or that it be in any manner disturbed, nor did he pray for cancellation of the sale or sheriff's deed, nor was Howell, who had recovered the judgment against him, made a party to this suit.

Highsmith, as defendant in this suit, answered by general demurrer and general denial, and by cross-action prayed for recovery of the land as against Borders, pleading his title specially under the justice court judgment and the sheriff's sale and deed; and upon trial without a jury judgment was rendered in Highsmith's favor for the land, and Borders prosecutes this appeal.

It is appellant's contention that the justice court judgment was void for the reason that it affirmatively appeared from the record in the justice court case that there was no legal service of citation upon him, Borders, in that case. He also contends that the sheriff's sale and deed were void because he was not allowed an opportunity to point out other property to be levied on by the sheriff.

The justice court judgment in favor of Howell against Borders was rendered in July, 1912, and was a default judgment. At that time Borders was a resident of Montgomery county, Tex., and the citation was directed to the sheriff or any constable of that county for service upon him. The suit of Howell v. Borders in the justice court of Harris county was commenced by the filing by Howell of a written pleading in the form of an ordinary petition, showing Howell's cause of action to be based upon a promissory note executed by Borders to Howell, but there was nothing in the record in that case showing that a copy of the plaintiff's written pleading accompanied the writ of citation to Montgomery county; neither was there anything in the record showing affirmatively that such a copy did not accompany the writ.

It is appellant's contention in this connection that, since the record in the judgment court case showed that Howell's pleading as plaintiff in that case was in the form of a written petition, it was necessary that a certified copy of the petition should have accompanied the writ of citation to Borders in Montgomery county, and that, in the absence of such copy of the petition and delivery to Borders in Montgomery county, the justice court of Harris county acquired no jurisdiction over Borders to render the judgment against him, as was done. Thus it will be seen that appellant invokes on this point the rule of practice that is prescribed for district

and county courts, which requires that a certified copy of the plaintiff's petition in those courts shall accompany the writ of citation to a defendant who resides in a county other than that in which the suit is filed. Appellant has not cited us to any statute of this state supporting his contention, nor to any authority of any appellate court of this state sustaining him, and we have not been able to find any.

[1, 2] Pleadings in the justice courts of this state may be oral or may be partly oral and partly written, but, where oral, the pleading shall be noted upon the docket. We can see no more reason for requiring a citation from a justice court to a nonresident defendant to be accompanied by a certified copy of a written pleading in that court than for requiring a certified copy of the notation of the pleading made upon the docket. We think that it was not the intention of the Legislature to require any further notice to a defendant in a justice court case than what is necessary to be shown on the face of the writ of the citation itself, and we therefore conclude that appellant's assignment and propositions in this connection are without merit and should be overruled.

[3] Appellant next contends that the justice court judgment was void because the officer's return of the writ was not signed by him officially, as required by statute, and that therefore there was no jurisdiction in the court to render the judgment. So far as the record in this case discloses, the only citation found in the record of the justice court case and which was introduced in evidence bore the following return:

"Received this writ 8th day of June, 1912, at 10 o'clock a. m., and executed 11th day of June, 1912, by delivering to H. D. Borders, the within-named defendant, in person, a true copy of this writ in Montg. county. [Signed] M. A. Anderson, Sheriff, by E. A. Oualline, Deputy."

Thus, it will be observed that the only defect in the return was the failure of the officer to let it show the county of which M. A. Anderson was sheriff. If it be true that the citation bearing this defective return was the only citation that was issued to Borders in that case, still we do not think that this defect was such as to make it fatal to the jurisdiction of the court to render the judgment. It was such a defect as might have been amended without the consent of Borders and even without notice to him, and did not, we think, go to the court's jurisdiction to render the judgment.

In 24 Cyc. p. 608 et seq., the author states the general rule as follows:

"In most jurisdictions, where the justice's record shows a want of jurisdiction, or if it fails to show jurisdiction, his judgment is subject to collateral attack; but by the weight of authority, if jurisdiction appears, the same

rules are applicable as in courts of general jurisdiction; that is to say, the record of a justice of the peace is held to be entitled to the same absolute verity as the records of other courts, and no evidence is admitted to impeach it collaterally, although offered for the purpose of showing want of jurisdiction; and where a justice has general jurisdiction, his judgment cannot be attacked collaterally because he had no jurisdiction in the form adopted. Where the jurisdiction depends upon a fact which the justice is required to ascertain and settle, his decision, if he has jurisdiction of the parties, is conclusive in a collateral proceeding.

"Mere defects and irregularities in the process or in the service or return thereof, which do not go to the jurisdiction, do not render a judgment void and cannot be made the basis of a collateral attack on the judgment."

[4] It is our opinion that the failure of the sheriff's return to show the name of the county of which he was sheriff was a mere irregularity or defect that did not go to the jurisdiction of the court to render the judgment in that case, but, on the contrary, as we have said, was such a defect or irregularity as could have been amended, and probably would have been had objection to it been made. In this connection, however, we will say further that the record discloses that there was ample time for the issuance and return of another citation between the return of the citation found in the record and the judgment in the case, and if the attack which appellant makes in this case upon the justice court judgment is only a collateral one, as we shall hereinafter attempt to show, still it ought to be presumed, if necessary in order to give validity to the judgment, that another citation was issued and properly returned. Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

[5] It may be that, had the judgment, being by default, been appealed from, it would have been reversed for this defect in the return; but, that course not having been pursued, it should be held, we think, that such irregularity or defect in the return was waived, or that, at any event, it is not available to Borders in this suit.

[6] We think that the attack here made by appellant upon the justice court judgment is collateral and not direct, though appellant contends just the contrary. We have shown above that there were no allegations in appellant's pleading in this case touching the justice court judgment other than the mere mention of the judgment, and the statement that Highsmith's claim of title to the land was rested upon it, followed by the further allegation that the judgment was void. There was no prayer for its cancellation or that it be in any manner disturbed or arrested. In addition to this, Howell, who recovered the judgment, was not made a party, and certainly he would have been a necessary party before the court would have had jurisdiction to cancel or annul the justice court judgment, even if it should be held that such relief could have been had in the district court at all.

[7] The rule is elementary that, in order to cancel or annul a judgment, the forum invoked must be that in which the judgment assailed was rendered, and the parties and subject-matter must be the same in both actions. But if, as appellant here contends, the identity of forum can be dispensed with, still identity of parties cannot. Therefore, even if appellant's pleading in other respects could be construed as a direct attack upon the justice court judgment, it would not be so construed in the absence of Howell as a party to this suit. This court had occasion to differentiate between a direct and a collateral attack on a judgment in the case of Pearson v. Lloyd, supra. In that case, following the Supreme Court of this state, we said:

" 'A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution,' etc.

" 'A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect,' etc."

If this court's conclusion as to what constitutes a direct attack upon a judgment and what constitutes a collateral attack as reached in Pearson v. Lloyd, supra, is correct, then we have no doubt that the attack which appellant here makes upon the judgment of the justice court is only a collateral attack. Here, as we have shown, appellant did not pray that the justice court judgment be canceled, vacated, amended, reformed, corrected, or enjoined, nor can his suit be treated as a motion for a rehearing, or as an appeal or any form of writ of error or as a bill of review. On the contrary, it is an attempt by appellant to avoid the legal effect of the justice court judgment which was offered as a link in Highsmith's chain of title in an action of trespass to try title.

Having reached the conclusion that the attack here made by appellant upon the justice court judgment is collateral and not direct, the only further question for determination in that connection is whether the express recitation of due service which is contained in the justice court judgment imports absolute verity and is therefore conclusive. In this connection the judgment recites:

"On this day the above numbered and entitled cause was called for trial, when came

the plaintiff by his attorney and announced ready for trial, but the defendant, though duly cited and solemnly called, came not, but wholly made default."

[8] The rule is well settled in this state that the judgment of a domestic court of general jurisdiction cannot be collaterally impeached by proof of lack of service on a party to it, or his privies, where the judgment expressly recites due service. In such a case the recitation of service contained in the judgment is absolutely conclusive on the point and controls all other portions of the record. But where the judgment is silent as to service, and it affirmatively appears from other portions of the record proper that service was not had, then the attack for lack of service, though it be collateral, will prevail, for in such case the record itself affords affirmative proof of a want of jurisdiction in the court to render the judgment, and, wanting jurisdiction of the defendant, the judgment is absolutely void. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759.

But it is suggested by appellant that the rule just stated has application only to judgments of courts of general jurisdiction and therefore should not be applied to a judgment of a justice of the peace. If there is any difference or modification of the rule when applied 'to a judgment of the latter character, it can be admitted only to this extent: If the judgment of the justice of the peace be silent as to due service of citation, it may be that lack of service could be shown by proof aliunde the record. It is not required that we decide the point here, and we do not. See Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803; McCormick, etc., v. Wesson (Tex. Civ. App.) 41 S. W. 726; Martin v. Burns, supra.

[9] It is enough for the disposition of this case to say that the express recitation of due service contained in the justice court judgment imports absolute verity as against this collateral attack, and the trial court was not in error in his conclusion of law to that effect.

[10] Appellant's contention that the sheriff's sale and deed were void because no opportunity was given Borders to point out other property to be levied on cannot be sustained, and no authority is cited in support of such contention. The most that could be said, which would be true, is that the failure of the sheriff to give Borders an opportunity to point out property at the time the sheriff held the execution based upon the justice court judgment was an irregularity on his part, but it would not have the effect to render the sheriff's sale or deed invalid.

This, in effect, disposes of the contentions made by appellant in this court, and, being of the opinion that none of them can be sustained, they are all overruled; and the judgment ordered affirmed.