### SVOBODA et al. v. ALEXANDER.*
(No. 1084–4874.)

Commission of Appeals of Texas, Section A.
March 7, 1928.

1. Justices of the peace ☞128(3)—Absence from justice court record and judgment of recital of specific facts on which validity of judgment depends does not destroy presumption of regularity in rendition.

When a judgment purports to have been rendered by a justice court in a suit wherein court has jurisdiction of the subject-matter, absence from the record or from judgment itself of recital of specific facts on which validity of judgment depends does not invalidate the judgment or destroy the presumption of regularity in its rendition.

2. Justices of the peace ☞128(3)—Averments of petition held not to show justice was not regularly performing functions when judgment sought to be enjoined was rendered (Rev. St. 1925, art. 2380).

Where plaintiff sought to enjoin enforcement of a justice of the peace judgment because, allegedly, the court did not open its term at time fixed as required by order of commissioners' court, under Rev. St. 1925, art. 2380, averments of petition held not to show justice was not regularly performing court functions when judgment sought to be enjoined was rendered.

3. Justices of the peace ☞128(2)—One against whom justice court judgment was rendered, who has not pursued statutory remedy for revision, cannot restrain enforcement of judgment (Rev. St. 1925, arts. 946, 2460).

Where judgment had been rendered against defendant in an action in a justice court for amount in excess of $20, thus making case removable to county court under Rev. St. 1925, art. 2460, on writ of certiorari, and such defendant had not, at time of filing suit for injunction against enforcement of judgment, availed herself of remedy of removal within time provided by article 946, held that she was not entitled to restrain enforcement of judgment.

4. Justices of the peace ☞128(2)—Statutory provisions relative to district and county courts' granting injunctions held not applicable to case in which injunction was sought against enforcement of justice's judgment without pursuing legal remedy (Rev. St. 1925, arts. 946, 2460, 4642, §§ 1, 4).

Provisions of Rev. St. 1925, art. 4642, §§ 1 and 4, relative to district and county courts' granting injunctions in certain cases, held not applicable to case in which one against whom judgment had been rendered in a justice court sought an injunction against enforcement of such judgment without pursuing her legal remedy, as provided by articles 946, and 2460, relative to removal of case to county court.

5. Judgment ☞414—Injunctive relief from invalid judgments rests on grounds cognizable in equity (Rev. St. 1925, art. 4645).

Injunctive relief from invalid judgments must, because of Rev. St. 1925, art. 4645, be rested on grounds cognizable in equity.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Mrs. W. J. Alexander against A. J. Svoboda and others to enjoin defendants from attempting to enforce a judgment rendered by a justice court. A judgment of the district court, for defendants, was reversed and remanded by the Court of Civil Appeals (297 S. W. 560), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Durell Miller, of Yoakum, for plaintiffs in error.

Tom Cheatham, of Cuero, for defendant in error.

HARVEY, P. J. On October 28, 1926, the defendant in error, Mrs. W. J. Alexander, a resident of De Witt county, brought this suit for injunction against A. J. Svoboda, and the justice of the peace and constable of justice precinct No. 6 of De Witt county. The injunction is sought to restrain the defendants, who are the plaintiffs in error here, from enforcing an alleged void judgment rendered by said justice of the peace on the 11th day of October, 1926, in favor of Svoboda against the defendant in error, for the sum of $163.-06. The defendant in error alleges in her petition the following facts: That said judgment was rendered in a suit for debt, in which the amount sued for was $163.06; that said suit was brought in the justice court of said precinct No. 6, by Svoboda against the defendant in error, on September 4, 1926; that citation was issued for the defendant in error on the day the suit was filed; that said citation required defendant in error to appear and answer said suit on the 13th day of September, 1926, same being the second Monday in that month; that the citation was served on defendant in error in De Witt county on September 6, 1926; that the regular time for holding justice court in said precinct, as such time had theretofore been duly fixed by order of the commissioners' court, was the first Thursday in each month, and not the second Monday in each month. Invalidity of the judgment in question is alleged in the petition in the following words:

"(5) Plaintiff respectfully submits that the citation served upon this plaintiff in said jus-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied April 11, 1928.

tice cause cited this plaintiff to appear before said court and answer therein, as hereinabove set forth, at an alleged regular term thereof to be held on the 13th day of September, A. D. 1926, same being the second Monday in said month of said September, and further that said judgment, in said cause rendered, as hereinabove set forth, was so entered on the 11th day of October, A. D. 1926, same being the second Monday in said month of said October, reciting that same was a regular term of said court; whereas in truth and in fact said regular term of said justice court must be held only, as per the order of the commissioners' court of De Witt county, Tex., hereinabove set forth, on the first Thursday in each month, and not otherwise, and that therefore said citation herein recited as served upon this plaintiff is therefore null and void and of no force and effect whatever, and that said judgment, rendered, as herein specified, being based upon and being dependent upon said citation for its validity and being rendered on the second Monday in the month of October, A. D. 1926, in the place of the first Thursday thereof as required by law, is accordingly null and void and of no force and effect whatever and not entitled to recognition, at all, by any court or officer thereof in this land.

"(6) Plaintiff further alleges that she was never, at any time, except as hereinabove recited, cited or served to appear and answer in said cause in said justice court; that she never accepted service, or waived the issuance or service of process on her in said cause, and never appeared or answered therein; that said judgment was rendered against this plaintiff in said cause in said court, except as hereinabove recited, wholly without service or notice, upon her, or acceptance, or waiver of process, or upon an appearance by her in said cause, as required by express terms of law; that said justice court was without jurisdiction of the person of this plaintiff in said cause by reason of the premises."

A temporary injunction was granted on the above petition. Upon the trial of the case, the trial court entered judgment sustaining a general exception to the petition, dissolving the temporary injunction, and refusing the prayer for permanent injunction. No complaint is made here as to the form of such judgment of the trial court, and no complaint in that respect was made in the Court of Civil Appeals. From this judgment of the trial court, the defendant in error appealed, and the judgment was reversed by the Court of Civil Appeals. 297 S. W. 560. Writ of error was granted because of conflict of the decision of the Court of Civil Appeals with the holding of the Supreme Court in the cases of Galveston, H. & S. A. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918, and Texas American Railway Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200.

The justice court had jurisdiction of the subject-matter of the suit in which the judgment in question was rendered. The judgment purports to have been rendered by the justice of the peace while sitting and regularly functioning as a court. Article 2380

of the statutes provides that each justice of the peace shall hold the regular terms of his court at such time as the commissioners' court may prescribe, and that he "may hold court from day to day until all business shall be disposed of, or may adjourn the court or the trial of any case to a particular day."

[1, 2] When a judgment purports to have been rendered by a justice court, in a suit of whose subject-matter the court has jurisdiction, the absence from the justice court record, or from the judgment itself, of a recital of the specific facts upon which the validity of the judgment depends, does not invalidate the judgment or destroy the presumption of regularity in its rendition. Hance v. Wharf Co., 70 Tex. 115, 8 S. W. 76. For all that appears from the averments of the petition in this case, or from the face of the justice court judgment, the regular October term of that court was opened on Thursday, October 7, 1926—which was the duly appointed time for the opening of such term—and, in pursuance of authority exercised under the above-quoted clause of the statute was regularly in session on October 11, 1926, when the judgment in question was rendered.

[3] The Court of Civil Appeals erroneously held, in effect, that the averments of the petition for injunction herein showed that the justice of the peace was not regularly performing the functions of a court when the judgment sought to be enjoined was rendered. Irregularity in the session of the court at which the judgment was rendered is not shown. Lack of jurisdiction of the person of Mrs. Alexander, with respect to that judgment, is the only ground of invalidity which is presented. The amount of the judgment is in excess of $20. The cause therefore was removable from the justice court to the county court for revision, by means of the writ of certiorari. R. S. art. 2460. At the time the present suit was filed, the time for such a removal had not expired (R. S. art. 946), and the defendant in error neglected to avail herself of this legal remedy. In these circumstances the defendant in error is not entitled to relief in equity. Railway v. Ware, supra; Railway v. Wright, supra; Hamblin v. Knight, 81 Tex. 355, 16 S. W. 1082, 26 Am. St. Rep. 818; Duncan v. Smith, 113 Tex. 561, 260 S. W. 1027.

[4, 5] It is contended that, by virtue of provisions appearing in sections 1 and 4 of article 4642 of the statutes, the defendant in error is entitled to the injunction she seeks, notwithstanding her failure to pursue the remedy at law which was open to her. Those provisions have no application in a case of this kind. Injunctive relief from invalid judgments must be rested upon grounds that are cognizable in equity. R. S. art. 4645.

We recommend that the judgment of the Court of Civil Appeals reversing the judg-

ment of the trial court be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.