OTTO KOEHLER ET AL. v. JAMES P. EARL ET AL.

No. 6534.

1.   **Justices of the Peace—Times for Their Courts.**—Justices of the peace can hold terms of court for the transaction of civil business only at such times and places as may be fixed by the Commissioners Courts in their counties.

2.   **Same.**—See discussion of the Constitution and statutes as to the times and places for holding Justice Courts.

3.   **Same—Fact Case.**—See facts held insufficient to show that a Justice Court rendering a judgment (execution thereon being sought to be enjoined) was held at a time and place not fixed by the Commissioners Court for Bexar County.

**4. Presumptions as to Justice Courts.**—All courts in the State are of limited jurisdiction in the sense that the jurisdiction in each is specifically defined. They are courts of general jurisdiction as distinguished from tribunals of special jurisdiction. This includes Justice Courts. The law will presume that a domestic court of general jurisdiction had power to make the judgment rendered by it until the contrary is shown by the record.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.
The opinion states the case.

*Oscar Bergstrom* and *W. W. Walling,* for appellants.—Justices of the peace can hold terms of court for the transaction of civil business only at such times and places as may be fixed by the Commissioners Court of the county wherein such Justice Courts are to be held; and any civil judgment rendered in a Justice Court at a time or place not fixed by the Commissioners Court of that county is void. Const., art. 5, secs. 18, 19; Rev. Stats., arts. 1514 (subdiv. 1), 1534, 1546, 1549; Sayles' Civ. Stats., art. 1547; Hodges v. Ward & Ingram, 1 Texas, 244; Doss v. Waggoner, 3 Texas, 515; Campbell & Martin v. Chandler, 37 Texas, 32; 2 Ct. App. C. C., sec. 289, and authorities cited; Id., sec. 356; Dunn v. State, 35 Am. Dec., 63; Freem. on Judg., secs. 121, 126, and authorities.

No brief on file for appellees.

ACKER, PRESIDING JUDGE.—Otto Koehler, William Muth, and Otto Wahrmund brought this suit against James P. Earl, cashier, and E. O. Stevens, constable, to restrain them by injunction from levying an execution issued by C. M. Barnes, as justice of the peace of Precinct No. 1, in Bexar County, on a judgment rendered by him as such justice on the 12th day of September, 1887, in favor of James P. Earle, cashier, and against plaintiffs for the sum of $180.42.

A preliminary injunction was granted, and the trial without a jury resulted in judgment dissolving the injunction; that plaintiffs take nothing by their suit; that James P. Earl, cashier, recover of plaintiffs and the sureties on their injunction bond ten per cent on the amount of the execution as damages for delay, and that defendant Stevens go hence without day, from which judgment this appeal is prosecuted.

The only assignment of error presented is: "The court erred in rendering judgment against plaintiffs for ten per cent damages on their injunction bond, and dissolving the injunction therein, because the execution sought to be enjoined was issued by C. M. Barnes, as justice of the peace, upon a judgment rendered by him, when no time and place had ever been fixed by the County Commissioners Court of Bexar County for holding his courts as such justice of the peace, and therefore said judg-

ment was without authority of law and void, and the injunction should have been perpetuated."

If the facts sustain the statement made in the assignment that no time and place had ever been fixed as required by law for C. M. Barnes to hold his courts as justice of the peace, then the assignment must be sustained and judgment reversed; for the Constitution (art. 5, sec. 19) provides that justices of the peace "shall hold their courts at such times and places as may be provided by law;" and article 1514 of the Revised Statutes provides that County Commissioners Courts "shall fix the times and places of holding the various Justice Courts in their counties;" and article 1547 of the Revised Statutes was amended by the Act of 1881 (Gen. Laws 17th Leg., p. 10) so as to read as follows: "Justices of the peace shall hold the regular terms of their courts at their respective offices at such times as may be prescribed by the Commissioners Court of the county."

The transcript contains an agreed case, from which it appears that San Antonio is a city of 8000 or more inhabitants, and constitutes precinct No. 1 of Bexar County, and therefore entitled to two justices of the peace; that C. M. Barnes was duly elected a justice of the peace for that precinct in November, 1886, and qualified as such; that Barnes applied to the Commissioners Court to fix the time and place for holding his court, but no order was made with reference thereto after Barnes was elected; that Barnes held the regular terms of his court on the second Monday in each month at an office on Veramendi Street, which had been previously occupied by W. H. Huston, one of the justices of the peace for said precinct up to the time of Barnes' election; that on October 16, 1876, the Commissioners Court of Bexar County made an order that M. G. Cotton, one of the justices of the peace for precinct 1, should hold the regular term of his court "on the first Monday in each month at his office on Soledad Street," and that W. H. Huston, the other justice of the peace for said precinct, should hold the regular term of his court "on the third Monday in each month at his office on Veramendi Street;" that on December 20, 1878, the Commissioners Court made an order that Robert G. Symington, one of the justices of the peace for precinct No. 1, should hold the regular term of his court "on the fourth Monday of each month at his office on Soledad Street," and that Peter Shields, the other justice of the peace for said precinct, should hold the regular term of his court "on the second Monday in each month at his office, Soledad and Veramendi streets."

All courts in this State are of limited jurisdiction, in the sense that the jurisdiction of each is specifically defined; but within the limits so defined, they are courts of general jurisdiction, as distinguished from tribunals of special jurisdiction. This is no less true of the Justice Courts than of the District Courts.

"The general rule is that the law will presume that a domestic court of general jurisdiction had power to make the judgment rendered by it

until the contrary is shown by the record." Williams v. Ball, 52 Texas, 607. We think that the record in this case fails to show that the Justice Court held by C. M. Barnes by which the judgment was rendered on which the execution sought to be enjoined was issued was without jurisdiction and power to render the judgment. On the contrary we think it appears with reasonable certainty that after the order of the Commissioners Court of October 16, 1876, fixing the third Monday in each month as the time for holding the regular terms of the Justice Court by W. H. Huston, probably at the election of 1878, Peter Shields succeeded Huston as justice of the peace, and the order of December 20, 1878, was made changing the time of holding the court from the third to the second Monday in each month.

It is stated in the agreed case that Barnes held the regular term of his court on the second Monday in each month at an office on Veramendi Street which had been previously occupied by W. H. Huston, one of the justices of the peace up to the time of Barnes' election. From this, in connection with other facts stated, we think it evident that, at some time subsequent to Peter Shields' term, Huston was again elected or appointed to the position of justice of the peace which he held in 1876, and continued in that office until he was succeeded by Barnes in November, 1886. At all events, we think the facts sustain the presumption that the Justice Court held by C. M. Barnes was the same court that Peter Shields was required by the order of December 20, 1878, to hold the regular terms of on the second Monday in each month.

The time once fixed continued so until changed by proper authority. The court continued without interruption, though there may have been frequent changes in the individuals who filled the office of justice of the peace, and it was not necessary that the time for holding the court should be fixed again on the accession of every new justice of the peace.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted May 6, 1890.