### EDWARDS v. McGUIRE.

(Court of Civil Appeals of Texas. Galveston. March 16, 1914.)

1. TRIAL (§ 388*)—FINDINGS OF FACT AND CONCLUSIONS OF LAW—FAILURE TO FILE—REVERSAL.

Failure of the trial court to file its findings of fact and conclusions of law, when seasonably requested to do so, requires a reversal when a statement of facts is not preserved or brought up with the transcript.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908-911, 915; Dec. Dig. § 388.*]

2. APPEAL AND ERROR (§ 548*)—RECORD—BILL OF EXCEPTIONS—CONTENTS.

A bill of exceptions to the exclusion of testimony contained in an offer of proof should show the proof that exceptant could have made had he been permitted to do so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433-2440; Dec. Dig. § 548.*]

3. JUSTICES OF THE PEACE (§ 71*)—HOLDING COURT—ESTABLISHMENT BY COUNTY COMMISSIONERS.

Const. art. 5, § 19, provides that justices of the peace shall hold their courts at such times and places as may be provided by law, and Rev. St. 1911, art. 2241, declares that county commissioners' courts shall fix the times and places of holding the various justice courts in their counties. Article 2299 declares that justices of the peace shall hold the regular terms of their courts at their respective offices at such times as may be prescribed by the commissioners' court of the county. Held, that it is the duty of the county commissioners at the time of the original institution and organization of a justice's court to designate the time and place for holding the same, and a failure to do so is fatal to the justice's jurisdiction, though it is not necessary that the time and place for holding court should be fixed at the coming into office of each new incumbent.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 232, 233; Dec. Dig. § 71.*]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by C. T. McGuire against C. E. Edwards. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

B. F. Pye, of Beaumont, for appellant.

McMEANS, J. C. T. McGuire brought this suit against C. E. Edwards in the justice court of precinct No. 1, Jefferson county, and upon a trial in that court recovered a judgment for $124.73. Edwards appealed to the county court, where upon a trial before the court without a jury judgment was rendered for McGuire for $155.60. From this judgment Edwards brings this appeal. No statement of facts is brought up with the transcript.

[1] At the proper time and in a proper manner appellant requested the court to file its written findings of fact and conclusions of law, and this the court failed to do, to which failure appellant timely took a bill of exceptions. That the failure of the court to file its findings of fact and conclusions of law when seasonably requested to do so, when a statement of facts is not preserved or brought up with the transcript, requires a reversal, has been too often decided to require discussion or citation of authorities.

When the case reached the county court, appellee, plaintiff there, filed written pleadings in lieu of the oral pleadings relied on in the justice court in showing his cause of action. Appellant excepted thereto upon the ground that the pleadings filed in the county court stated a different cause of action from that pleaded in the justice court. We have examined the pleadings, both those filed in the county court and those in the justice court as shown by a notation on the docket of the justice of the peace, and our conclusion is that both pleadings set up substantially the same cause of action. The third assignment raising the point is overruled.

In the county court the defendant pleaded in abatement the want of jurisdiction of the county court upon the ground that the justice court was not, at the time of the trial of the case therein, a legally constituted justice court under the Constitution and laws of this state, because no time and place for the holding of said court had ever been fixed by the county commissioners' court of Jefferson county; that, the justice court never having been legally instituted, no valid judgment could be rendered therein; and that therefore the county court was without power to hear and determine a case brought therefrom on appeal, the amount involved being below the original jurisdiction of the county court.

[2] Appellant offered to prove the facts to substantiate the plea in abatement, but the court declined to hear the proof, and overruled the plea. To this action of the court the appellant took a bill of exceptions, but his bill fails to enlighten us as to what proof he could have made had he been permitted to do so. Whether the court committed error in refusing to receive the evidence tendered in support of the plea, assuming that the allegations thereof could have been proved, depends on whether the failure of the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

commissioners' court to designate a time and place to hold the justice court would deprive that court of power to hear and determine suits cognizable in such courts.

[3] In Koehler v. Earl, 77 Tex. 188, 14 S. W. 28, the only question presented arose upon an assignment of error that assailed the validity of a judgment of a justice of the peace for whose court it was contended no time and place for holding had ever been fixed by the commissioners' court. In passing upon this assignment the court says: "If the facts sustain the statement made in the assignment that no time and place had ever been fixed as required by law for C. M. Barnes to hold his courts as justice of the peace, then the assignment must be sustained and judgment reversed; for the Constitution (article 5, § 19) provides that justices of the peace 'shall hold their courts at such times and places as may be provided by law,' and article 1514 of the Revised Statutes [Rev. St. 1911, art. 2241] provides that county commissioners' courts 'shall fix the times and places of holding the various justice courts in their counties,' and article 1547 of the Revised Statutes [Rev. St. 1911, art. 2299] was amended by the act of 1881 (Gen. Laws 17th Leg. p. 10) so as to read as follows: 'Justices of the peace shall hold the regular terms of their courts at their respective offices at such times as may be prescribed by the commissioners' court of the county.' "

So far as we have been able to ascertain, this is the last expression of the Supreme Court on this subject, and its opinion does not seem to have been limited or criticised by any subsequent decision. We think therefore the court should have heard the proffered proof, and if it sustained the plea the case should have been dismissed for want of jurisdiction. But the proof should clearly warrant a finding that no time and place had ever been fixed by the commissioners' court for the holding of the justice's court. It is not necessary to fix the time and place at the coming into office of each new incumbent, but it is sufficient if the commissioners' court at the time of the original institution and organization of a justice court then designates a time and place of holding such court. If this has been done, the constitutional and statutory requirements in this regard have been fulfilled. As said in the case cited: "The time once fixed continued so until changed by proper authority. The court continued without interruption, though there may have been frequent changes in the individuals who filled the office of justice of the peace, and it was not necessary that the time for holding the court should be fixed again on the accession of every new justice of the peace."

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.