## ALEXANDER v. SVOBODA et al.
### (No. 9039.)

Court of Civil Appeals of Texas. Galveston.
July 6, 1927.

Rehearing Denied July 23, 1927.

1. **Justices of the peace &#9756;71 — Justices of peace can hold civil terms of court only at times and places fixed by commissioners' courts (Const. art. 5, § 19; Rev. St. 1925, arts. 2351, 2380).**

Under Const. art. 5, § 19, and Rev. St. 1925, arts. 2351, 2380, justices of the peace can hold terms of court for transaction of civil business only at such times and places as may be fixed by the commissioners' courts in their counties.

2. **Justices of the peace &#9756;71, 128(1)—Justice court judgment, rendered on date other than that fixed by commissioners' court for holding term of court, is void and subject to be enjoined.**

If, as alleged in plaintiff's petition, commissioners' court passed an order fixing the first Thursday in each month as the time for holding terms of justice court within the precinct, and in disregard of such order the justice of the peace issued a citation commanding petitioner to appear at a regular term of court to be held on the second Monday in September, and rendered judgment on the second Monday in October, default judgment against petitioner was void and may be enjoined, and demurrer to petition was therefore improperly sustained.

3. **Judgment &#9756;447(1)—Enforcement of judgment, shown to be void by face of record, may be enjoined without showing of meritorious defense.**

Enforcement of a judgment, shown to be void by the face of the record on which it was rendered, may be enjoined without showing a meritorious defense against the cause of action on which such judgment was based, and it is unnecessary that such judgment should disclose its invalidity on its face.

Appeal from District Court, De Witt County; John M. Green, Judge.

Suit by Mrs. W. J. Alexander against A. J. Svoboda and others to enjoin defendants from attempting to enforce a judgment rendered by a justice court. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Tom Cheatham, of Cuero, for appellant.
Durell Miller, of Yoakum, for appellees.

LANE, J. On the 4th day of September, 1926, A. J. Svoboda brought suit in the justice court in and for precinct No. 6 of De Witt county against Mrs. W. J. Alexander, praying for judgment against defendant for $163.06. On the same day citation was issued, citing defendant to appear and answer the suit on the 13th day of September, 1926, same being the second Monday of said month.

Such citation was duly served on defendant on the 6th day of September, 1926. Defendant made no appearance by answer or otherwise. On October 11, 1926, judgment was rendered by default in favor of the plaintiff for the sum sued for.

On the 27th day of October, 1926, Mrs. Alexander made application to the judge of the district court of De Witt county for a writ of injunction against the plaintiff H. L. Wade, the justice of the peace of said precinct, and W. A. Hickey, constable, to restrain them and each of them from attempting to enforce said judgment.

As grounds for the issuance of the injunction, Mrs. Alexander alleged that on the 27th day of May, 1925, the commissioners' court of De Witt county passed an order changing the time for holding said justice court from the second Monday in each month to the first Thursday in each month; that said order of the commissioners' court provided:

"May 27, 1925.

"It is ordered by the court that the time for holding regular terms of justice court in this county be changed, so as to be held as follows:

"Justice court, precinct No. 1, fourth Monday in each month.

"Justice court, precinct No. 6, first Thursday in each month.

"Justice court, precinct No. 3, second Thursday in each month.

"Justice court, precinct No. 5, third Thursday in each month.

"Justice court, precinct No. 4, fourth Thursday in each month.

"Justice court, precinct No. 2, first Tuesday in each month.

"Justice court, precinct No. 7, second Tuesday in each month.

"Justice court, precinct No. 8, third Tuesday in each month."

Further pleading, she alleged as follows:

"(5) Plaintiff respectfully submits that the citation served upon this plaintiff in said justice court cited this plaintiff to appear before said court and answer therein, as hereinabove set forth, at an alleged regular term thereof to be held on the 13th day of September, A. D. 1926, same being the second Monday in said month of said September, and, further, that said judgment, in said cause rendered, as hereinabove set forth, was so entered on the 11th day of October, A. D. 1926, same being the second Monday in said month of said October, reciting that same was a regular term of said court; whereas, in truth and in fact, said regular term of said justice court must be held only, as per the order of the commissioners' court of De Witt county, Tex., hereinabove set forth, on the first Thursday in each month, and not otherwise, and that therefore said citation herein recited as served upon said plaintiff is therefore null and void and of no force and effect whatever, and that said judgment, rendered as herein specified, being based upon and being dependent upon said citation for its validity, and being rendered on the second Monday in the month of October, A. D. 1926, in the place

of the first Thursday thereof as required by law, is accordingly null and void and of no force and effect whatever, and not entitled to recognition at all by any court or officer thereof in this land.

"(6) Plaintiff further alleges that she was never at any time, except as hereinabove recited, cited or served to appear and answer in said cause in said justice court; that she never accepted service, or waived the issuance or service of process on her in said cause, and never appeared or answered therein; that said judgment was rendered against this plaintiff in said cause in said court, except as hereinabove recited, wholly without service or notice upon her, or acceptance or waiver of process, or upon an appearance by her in said cause, as required by express terms of law; that said justice court was without jurisdiction of the person of this plaintiff in said cause by reason of the premises."

The petition was duly verified.

Upon such petition the court, in vacation, granted the injunction prayed for, which was duly served on the defendants Wade and others.

The defendants answered upon final hearing by general demurrer, and by special exception, whereby they alleged as follows:

"That paragraph 4 of said petition is insufficient in that it does not allege that any manner of notice of the alleged order of the commissioners' court mentioned therein was ever served on any of the defendants herein, or that they, or any of them, ever acquired any notice of said order before the rendition of the judgment complained of in said petition.

"That the alleged order of the commissioners' court of De Witt county, Tex., an alleged certified copy of which is attached to said petition, marked Exhibit B, was too vague and indefinite, even if the said H. L. Wade, justice of the peace, or either of the other defendants, had had notice thereof to apprize him, or them, of the will of said commissioners' court as to when the proposed change in the time of holding his court should become effective, said order on its face failing to state or hint at any time when it should become effective." * * *

"That recognizing the invalidity of said order by reason of its vagueness, the honorable commissioners' court of De Witt county, at its regular term on the 10th day of November, A. D. 1926, regularly passed and entered upon the minutes of said court an order fixing the date when the above-mentioned order of date May 27, 1925, should go into effect as December 1, 1926, said order reading as follows:

"Order Relative to Holding Justice Courts.

"November 10, 1926.

"Whereas, on the 27th day of May, 1925, the commissioners' court passed an order changing the time and dates for the holding of justice courts in the various justice precincts of De Witt county, Tex., which reads as follows:

"It is ordered by the court that the time for holding regular terms of justice court in this county be changed so as to be held as follows:

"Justice court, precinct No. 1, fourth Monday in each month.

"Justice court, precinct No. 6, first Thursday in each month.

"Justice court, precinct No. 3, second Thursday in each month.

"Justice court, precinct No. 5, third Thursday in each month.

"Justice court, precinct No. 4, fourth Thursday in each month.

"Justice court, precinct No. 2, first Tuesday in each month.

"Justice court, precinct No. 7, second Tuesday in each month.

"Justice court, precinct No. 8, third Tuesday in each month.

"And whereas said dates as set by the court have caused some confusion, and no date was set when the same became effective:

"It is ordered by the court that said order is here now to become effective as of date December 1, A. D. 1926, and the county clerk is hereby instructed to send each justice of the peace a certified copy of this order showing the changes made and when their respective courts will open for regular legal business in the various justice precincts on new opening dates set by this court."

On the 14th day of January, 1927, at a regular term of said district court, the court sustained defendants' general demurrer to the plaintiff's petition and ordered that the temporary injunction prayed for be refused.

From such judgment Mrs. Alexander has appealed.

The sole contention made as cause for reversal is that the judgment rendered by the justice court is absolutely void in that the citation commanded appellant to appear at a time when no term of said justice court was authorized, and in that the judgment rendered, the enforcement of which is sought to be enjoined, was rendered by said justice court at a time other than that fixed for its session by the commissoners' court, and that, under such circumstances, such judgment should be enjoined as prayed for.

We think the contention of appellant should be sustained. The petition alleges the existence of facts, which, if proved, would entitle her to a perpetual injunction restraining the enforcement of the judgment rendered against her by the justice of the peace, and therefore the court erred in sustaining appellees' general demurrer to appellant's petition and in dissolving the temporary injunction theretofore granted. The Constitution (art. 5, § 19) provides that justices of the peace *shall* hold their courts at such times and places as may be provided by law. Article 2351, Revised Civil Statutes of 1925, declares that the commissioners' court *shall* fix the times and places of holding justices courts, and article 2380 declares that each justice shall hold the regular term of his court at his office *at such times as the commissioners' court may provide.*

Appellant alleged that the commissioners' court, a court of record, prior to the rendition of the judgment, the enforcement of which she seeks to have enjoined, passed an order fixing the first Thursday in each month as the time for holding terms of the justices .

court which rendered such judgment; that in disregard of such order, the justice issued a citation commanding that she be and appear at a regular term of said court to be held on the second Monday in September, 1926, and further disregarding said order, rendered the judgment of which she complains, not at a time fixed by the commissioners' court for holding his court, but at a different time, to wit, on the second Monday in October, 1926; that she did not appear by answer or otherwise in such suit; and that for the reasons stated the judgment rendered against her was and is void and of no force and effect. .

[1, 2] Justices of the peace can hold terms of court for transaction of civil business only at such times and places as may be fixed by the commissioners' courts in their counties. Otto Koehler v. Earl, 77 Tex. 188, 14 S. W. 28; Edwards v. McGuire (Tex. Civ. App.) 165 S. W. 477. Following the holding in the cases cited and adopting the allegations of the plaintiff's petition as true, it is clear that the purported court which rendered the judgment against appellant on the second Monday in October, 1926, was in fact no court at all; that it was a mere rump court without authority to lawfully try any civil cause, and therefore such judgment is absolutely void and subject to be enjoined.

[3] Enforcement of a judgment, shown to be void by the face of the record upon which it was rendered, may be enjoined without showing by plaintiff that he has a meritorious defense against the cause of action upon which such judgment was based. A judgment shown to be void because rendered without jurisdiction in the court rendering same may be enjoined. August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S. W. 303.

It is unnecessary that such judgment should disclose its invalidity on its face, if this appears affirmatively from the record such judgment is open to attack by injunction. Kern v. Freeze, supra; Ketelsen & Degetau v. Pratt (Tex. Civ. App.) 100 S. W. 1172; Chambers v. Hodges, 23 Tex. 105, at page 113; Price & Beaird v. Eastland County Land Abst. Co. (Tex. Civ. App.) 211 S. W. 478; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994.

The rule announced in the cases cited has been settled law in this state for more than 50 years. In more recent years the courts have announced a more liberal interpretation of the rule relative to injunctive rights than that announced theretofore.

In Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, it was held by our Supreme Court that the rules denying an injunction when there is an adequate remedy at law should not be applied in courts administering both law and equity as rigidly as where the jurisdiction is distinct, and announced that the court was strongly inclined to the opinion that Revised Statutes, art. 2989, which is the same as article 4642, Revised Civil Statutes of 1925, authorized the issuance and maintenance of an injunction regardless of the existence of an adequate remedy at law.

In Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42, it is said:

"The objection, that, according to the allegations of the petition, appellees have an adequate remedy at law, seems to be completely eliminated by the provisions of the act of the Thirty-First Legislature, amending article 2989, Rev. St., * * * if indeed the decision of the Supreme Court in Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, left anything of real substance in that doctrine, under our system of blended law and equity jurisdiction in the courts."

The rule announced in Sumner v. Crawford, supra, is cited and followed in Hill v. Brown (Tex. Civ. App.) 225 S. W. 780, and Mid-Tex Petroleum Co. v. Colcord (Tex. Civ. App.) 235 S. W. 710. We have, however, based our holding in the present case on the uniform rule announced in the cases of Kern v. Freeze, Ketelsen v. Pratt, Chambers v. Hodges, and Price v. Eastland County Abst. Co., supra, which we have stated above.

Having reached the conclusion that the plaintiff alleged the existence of such facts, if proved, as would entitle her to the injunction prayed for, we hold that the court erred in sustaining the defendants' general demurrer to her petition, and having reached such conclusion it becomes our duty to reverse the judgment and remand the cause, and it is accordingly so ordered.

Reversed and remanded.