**BANKERS LIFE & LOAN ASS'N v. JAYROE.**

No. 13513.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 26, 1937.

Rehearing Denied April 2, 1937.

Sullivan & Wilson, of Dallas, for plaintiff in error.

Estes & Estes, of Granbury, for defendant in error.

BROWN, Justice.

Appellant, Bankers Life & Loan Association, on April 10, 1934, issued an insurance policy, designated on its face as a "full life policy," for the sum of $500, to Mrs. Ada M. Jayroe, the insured, and named J. R. Jayroe, her husband, as beneficiary. The face of the policy shows that the monthly premium charged was $2.12.

The insured died within less than twelve months after the policy was issued and delivered, and all premiums had been promptly paid. On the back of the contract there are some thirteen paragraphs designated "General Provisions." In the eleventh paragraph it is stipulated, in substance, that the insured, by accepting the policy, which must be signed in person, agrees to all the terms and conditions stated therein and in the application therefor and in the constitution and by-laws then in force or as thereafter may be amended, "a copy of which may be had upon request"; and also agrees to pay the association within fifteen days from the date payments are due all

amounts levied on the policy for the purpose of meeting all emergencies.

The beneficiary, husband of the insured, after her death, made due proof thereof and demand for payment of the amount stipulated in the policy, to wit, $500, and payment having been refused, brought suit in the county court of Hood county for the amount of the face of the policy, for attorneys' fees and the statutory penalty and interest.

The defendant below, appellant here, sought to avoid liability under the policy by pleading that it was not liable because the insured never actually signed the policy and thereby signified her acceptance of the contract, and in the alternative, pleaded that the constitution and by-laws of the association contained a provision that in the event the insured died within twelve months after the policy was issued, it would only be liable for one-fourth of the face value of the policy. It further pleaded that it was a state-wide mutual assessment insurance association and that therefore it was not liable for the statutory penalty and the attorneys' fees by reason of the default in the payment of its obligation. It sought to pay the beneficiary the sum of $125, being one-fourth of the face of the policy, and this tender was refused.

The cause was tried to the court and the court rendered judgment against the insurance association for the full face of the policy, for interest, for attorneys' fees, and for the statutory penalty.

The appellee requested findings of fact and conclusions of law at the hands of the trial court. Same were prepared and duly filed, and no exceptions or objections were made to such findings of fact by the appellant, but the appellant, at the time of the rendition of the judgment, excepted to the judgment and gave notice of appeal.

The case was brought up upon a writ of error, but for convenience we will refer to the parties as appellant and appellee.

We understand that an appeal may be properly taken simply by excepting to the judgment of the trial court in a case tried to the court alone, and that it is not necessary to file or make written exceptions or objections to the findings of fact made by the trial court, but that these may be attacked in the appellate court "by appropriate assignments of error." We have examined a number of authorities and do not find anything indicating what would be an "appropriate assignment of error"

under such circumstances. Having no specific light thereon, we will discuss the three assignments of error found in appellant's brief, on which it bases its appeal.

The first assignment of error is to the effect that the court erred in entering judgment against the appellant for attorneys' fees and penalty after appellant had shown that it was a state-wide mutual assessment insurance company. Giving the most liberal interpretation that we can to this assignment of error, we will construe it as meaning that the judgment of the court is not supported by the evidence in so far as the recovery for attorneys' fees and penalty is concerned, because the evidence shows that the appellant is a state-wide mutual assessment insurance association and is not liable for attorneys' fees and penalty.

Appellant alleged that it was a state-wide mutual assessment insurance association and not liable for attorneys' fees and penalty and appellee specifically denied these allegations.

Under appellant's statement, which it purports to bring forward to show us that it has proven beyond cavil that it is a state-wide mutual assessment insurance association, it simply says:

"The original policy is attached to the statement of facts as a part thereof, also page 5 of the statement of facts (S. F. 17) Article No. 20 of the Constitution."

"W. A. Kincannon testified:

"Q. What is that in your hand?

"A. By-laws of the Bankers Life & Loan Association. A certificate of the Insurance Commission (S. F. 17). The court rendered judgment for the attorneys' fees, and penalty alleged by the plaintiff. (Tr. 54–55.)"

We do not believe that this is such a statement as is required to show the record before us, but after examining those portions of the record referred to, the substance of which is not even attempted to be given by the appellant, we do not believe that the evidence adduced before the trial court shows without cavil that appellant is a state-wide mutual assessment insurance association, and we decline to overthrow the finding made by the trial court thereon.

Appellant having failed to prove, in our opinion, that it is a state-wide mutual assessment insurance association, the first assignment of error should be overruled. Bankers' Health & Accident Association v. Wilkes (Tex.Civ.App.) 209 S.W. 230.

The second assignment of error is, in substance, that the trial court erred in rendering judgment for the plaintiff in any amount because it was conclusively shown that the insured had failed to sign the certificate of insurance, and that this was a condition precedent to the right of recovery. A simple answer to such assignment of error is that the insurer accepted the monthly premiums provided for in the policy for each and every month up and until the death of the insured, and it cannot be heard at this time to say that it is not liable under the policy of insurance solely because the insured neglected to sign the same. Such estoppel was specifically pleaded by the appellee. The principle laid down in Southern Underwriters v. Jones (Tex.Civ.App.) 13 S.W.(2d) 435, is applicable here. Regardless of the existence of any authority supporting the issue of estoppel here discussed, we desire to say that the mere signing of the policy by the insured is not a matter of so much moment as that the failure to do so could possibly affect the validity of the contract, in the face of the facts that the insured retained the policy and paid every monthly premium thereon for almost a year after it was issued, and such conduct shows a full acceptance upon her part of the contract, and if the mere signing of the same was considered as important to the insurer as it now appears from its contention to be, it seems to us that it ought to have refused to accept the monthly premiums provided for therein unless and until the insured signed the same. We find no merit in this assignment of error.

The third assignment of error is to the effect that the trial court erred in rendering judgment against appellant for more than $125 because article 20 of the constitution and by-laws provides that if a member should die within one year after the issuance of the policy, the only amount to which the beneficiary would be entitled would be one-fourth of the amount stipulated in the policy. It will be noted that the face of the policy is for $500, and that nowhere within the policy, or annexed thereto, is there any stipulation providing for the payment of a less sum should the insured die within twelve months after its issuance. Here the insurer desires to limit its liability to one-fourth of the face of the policy, on the theory that there is a provision in the by-laws limiting recovery to such sum.

In International Travelers' Association v. Francis, 119 Tex. 1, 23 S.W.(2d) 282, Mr. Justice Cureton, of the Supreme Court, said:

"There is no clause in the policy which would prevent a recovery for an accidental death resulting by or from a surgical operation or from an infection. The by-laws of the association, however, at the time the policy was issued, and at all times subsequent thereto, contained exceptions and provisions which, if given effect, would prevent recovery. The face of the policy contained language which was intended to make the exceptions contained in the by-laws a part of the contract.

"The first question for determination is whether or not the exceptions contained in the by-laws, but not specified in the policy, may be invoked to defeat recovery. We are of the opinion that the exceptions in the by-laws, in so far as they limit the contingency insured against, cannot be given effect, and are not to be regarded as a part of the contract. This is so because of the statute. Revised Statutes 1925, art. 4797, which was in effect when the policy sued upon was issued."

All assignments of error are overruled, and the judgment of the trial court is affirmed.