BANKERS LIFE & LOAN ASSOCIATION v. J. R. JAYROE.

No. 7268. Decided April 26, 1939.
Rehearing overruled June 7, 1939.
(127 S. W., 2d Series, 291.)

*Sullivan & Wilson,* of Dallas, for plaintiff in error.

Where the defendant in the lower court alleges it is a state-wide mutual insurance company, and the proof shows that it is such a company and there is no proof to the contrary, it is encumbent upon the court to so hold. Sovereign Camp W. O. W. v. Newberry, 87 S. W. (2d) 839; Great Southern Life Ins. Co. v. Dorough, 100 S. W. (2d) 772; R. S. 1925, Art. 2010.

The constitution and by-laws of a mutual insurance company constitute a part of the contract of insurance and the insured is charged with notice thereof. National Mut. Ben. Assn.

v. Aaron, 67 S. W. (2d) 855; Mutual Protective Assn. v. Woods, 128 Texas 9, 94 S. W. (2d) 1149; 6 Tex. Jur., 404, sec. 20.

*Estes & Estes,* of Granbury, for defendant in error.

There being nothing on the face of the policy to indicate that it was a state-wide mutual insurance company and the premiums charged being a fixed and stipulated amount, the trial court was warranted in holding the company subject to the penalties provided by law. Neither could the company limit its liability to one-fourth of the face of the policy for the reason that a copy of the by-laws and constitution were neither attached to the policy nor furnished to the insured. Bankers Health & Acc. Co. v. Wilkes, 209 S. W. 230; First Texas State Ins. Co. v. Smalley, 228 S. W. 550; American Natl. Ins. Co. v. Dixon, 231 S. W. 165.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Bankers Life & Loan Association, plaintiff in error here, issued to Mrs. Ada M. Jayroe, a policy of insurance for $500.00. J. R. Jayroe, her husband, defendant in error, was named beneficiary. After Mrs. Jayroe's death he filed this suit against the association seeking recovery of the face amount of the policy, the statutory 12% penalty and attorney's fees. Judgment was awarded Jayroe as prayed. Upon appeal the Court of Civil Appeals affirmed the judgment. 103 S. W. (2d) 388.

Upon trial of the case it was shown that Mrs. Jayroe died within a year after the issuance of the policy, and section 20 of the by-laws of the association was introduced in evidence, which provides that in the event the insured should die within a year from the date of the policy the beneficiary "shall be entitled to receive only one fourth of the amount otherwise payable under the policy." It was admitted by the company upon the trial that prior thereto it had tendered Jayroe a check for $125.00 as payable in full under the contract of insurance, and that it was rejected by Jayroe.

The company makes two contentions here: (1) that because of the death of Mrs. Jayroe within a year from the date of the issuance of the policy the company's liability by virtue of the provision of section 20 of the by-laws is limited to one-fourth of the face value of the policy, and (2) that the company is not liable for the attorney's fee and penalty adjudged against it.

Both contentions are predicated upon the association's alle-

gation and claim that at the time of the issuance of the policy and at the time of Mrs. Jayroe's death, the association was "a state-wide mutual assessment life insurance company operating under Article 4859f of the Revised Statutes of 1925 * * *," as amended. Art. 4859f, Sec. 19. Unless the allegation can be established as a fact neither contention can be sustained.

It is stated by the association in its final argument in its discussion of the holding of this Court in Francis v. International Travelers Association, 119 Texas 1, 23 S. W. (2d) 282, that it is well settled as to health and accident and old-line insurance companies operating under the general insurance laws of the State, that no clause in the constitution not printed in the policy can bind or change the contract; but that it "is not the law as to state-wide mutual life insurance companies, nor local mutual aid associations nor fraternal benefit associations." The association's position is that it showed upon the trial that it was operating as a state-wide mutual assessment company.

The only proof introduced by the association tending to show it was so operating at such times is the testimony of the company's claim adjuster and the recitation of a certificate of the chairman of the board of insurance commissioners attached to an instrument designated by the adjuster as the by-laws of the company.

■ The claim adjuster's testimony is his answer that the instrument which he held in his hand while testifying was the "by-laws of the Bankers Life and Loan Association, a state-wide mutual insurance company." The recitation of the certificate referred to is that the instrument to which it was attached was a true, full and correct copy of the association's constitution and by-laws. The constitution and by-laws were not introduced other than section 20 of the by-laws above referred to ; nor is the association's charter or any part thereof in evidence. On the other hand there is in evidence a copy of the policy sued upon. It carries a statement endorsed thereon that the policy is a "full life policy" of the "Bankers Life & Loan Association of Dallas, Texas, * * * incorporated under the laws of Texas * * * licensed by the Texas Department of Insurance," and that the "monthly premium is $2.12." In other words, the policy carries upon its face evidence that the premiums were payable at stated intervals rather than in accordance with an assessment plan.

It is obvious from the testimony above summarized that there was evidence to support the trial court's finding and

conclusion that it did not show that the association is "a mutual assessment concern," and that the Court of Civil Appeals was not in error in declining to "overthrow the finding made by the trial court."

Section 20 of the by-laws providing the contingency upon which the beneficiary is entitled to receive only one-fourth of the amount otherwise due under the policy, is relevant here only in the event the association was operating under the provisions of Article 4859f at the times alleged by the association.

The article invoked is an act containing twenty sections, the caption of which states that its purpose is "to regulate the operation of corporations organized and incorporated under a pre-existing law of this State without capital stock and not for profit, which law has been amended or repealed or re-enacted, and which were operating and carrying on in this State immediately prior to January 1, 1933, the state-wide business of mutually protecting or insuring the lives of their members by assessments made upon their members." Art. 4859f, Vernon's Anno. Civ. Stat., 1938 Cum. Annual Pocket Part, p. 119. Sections 1 and 2 of the act read:

"Sec. 1. Corporations Included. Any corporation organized and incorporated under a preexisting law in this State without capital stock and not for profit, which law has been amended or repealed or reenacted, and which was operating and actually carrying on in this State immediately prior to January 1, 1933, the statewide business of mutually protecting or insuring the lives of its members by assessments made upon its members may comply with the terms of this Act, subject to the subsequent provisions hereof.

"Sec. 2. Application for Certificate. Any corporation entitled to and desiring to avail itself of the provisions of this Act shall within six (6) months after the effective date of this Act make application to the Board of Insurance Commissioners for a certificate and permit to do business under the terms of said Act. Said application shall be sworn to by the President or General Manager of said corporation and shall contain the following:

"(1) It shall have attached as exhibits a certified copy of the charter of said corporation, certified copies of all amendments, and a copy of all by-laws of said corporation certified by the Secretary or General Manager of the Corporation to be true and correct.

"(2) The name of the corporation.

"(3) The location of its principal office.

"(4) The titles of the officers of the corporation and the number of directors and the names of persons who will serve as officers and directors until another election is held.

"(5) It shall state the facts with reference to the corporation as set out in the preceding section, to-wit:

"(a) that said corporation was organized under a pre-existing law;

"(b) that said law has been amended or repealed or re-enacted;

"(c) that said corporation was operating and actually carrying on in this State immediately prior to January 1, 1933, the statewide business of mutually protecting or insuring the lives of its members by assessments made upon its members.

"(6) That the corporation at the time of making its application has a membership of at least five hundred (500) members and that there is not outstanding against said corporation an unpaid final judgment of any court of competent jurisdiction more than ninety (90) days past due.

"(7) The application shall be accompanied by a financial statement on the form prescribed by the Board of Insurance Commissioners."

The record is void of any showing upon the part of the association that it is a corporation organized and incorporated under a pre-existing law of this State within the purview of section 1 of Article 4859f, or that it had availed itself of the provisions of such article by compliance with the terms of section 2 thereof.

It is also stated in the final written argument filed by the association that the whole case turns "on the fact as to whether or not the defendant plead that it was a statewide mutual insurance company operating under Article 4859f of the revised statutes of 1925," as amended. The pleading relied upon reads: "Answering further herein and by way of defense, defendant says that it is a state-wide mutual assessment life insurance company operating under Article 4859f of the revised statutes." The recent case of Panama Refining Company v. Crouch, 124 S. W. (2d) 988, is cited as authority to support a contention that in as much as defendant alleged its incorporation as a statewide assessment company as provided by Article 1999, R. C. S. 1925, and plaintiff did not deny under oath such allegation as provided by Article 2010, R. C. S., 1925, it must be taken as conclusively established that the association at the time in question was a state-wide mutual assessment company operating under the statute referred to.

We cannot agree with this contention. Articles 1999 and 2010, R. C. S. 1925, are construed in the case referred to as showing a legislative intent that when an allegation is made that a concern is "a corporation, duly incorporated" such allegation must be accepted as a fact unless denied under oath by the adverse party. Such holding has no application however to sustain the association's contention. The pleading relied upon does not relate to the matter of incorporation and does not allege that the association is "a corporation duly incorporated."

The association having failed to establish its allegation and claim that it was at the times in question a state-wide mutual assessment company operating under Article 4859f supra, its contentions both as to the limitation of its liability to one-fourth of the face amount of the policy and that it is not liable for the attorney's fees and penalty adjudged against it, must fail.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court April 25, 1939.

Rehearing overruled June 7, 1939.