### BLUE BONNET LIFE INS. CO. v. ROBINSON.

#### No. 14245.

Court of Civil Appeals of Texas. Fort Worth.

May 23, 1941.

Rehearing Denied July 11, 1941.

Cofer & Cofer, of Austin, for appellant.

George M. Hopkins, of Denton, for appellee.

BROWN, Justice.

This cause arose in Justice of the Peace court for precinct No. 3, in Denton County, and is brought on a policy of insurance issued by Carrollton Burial Association to Belle J. Robinson to be paid to her on the death of her husband, Harry Robinson, in the sum of $150, such contract having been taken over by appellant Blue Bonnet Life Insurance Company and assumed by it.

The plaintiff filed a written pleading and prayed for the amount of the certificate, penalty, interest and "a reasonable attorney's fee", all in the total sum of $199.

The defendant filed its plea of privilege to be sued in the county of its domicile, Bexar County, and the plea was duly controverted.

The justice of the peace overruled the plea and put the parties to trial on the merits. This he had a right to do.

Having rendered judgment for the plaintiff for a sum less than that sued for, the defendant appealed to the County Court of Denton County, and the cause came on for a trial de novo.

Again the plea of privilege was overruled and a trial had on the merits before the court without the assistance of a jury, and resulted in a judgment for the plaintiff.

■ The first proposition presented is that the necessary venue facts were not established to show that the insured died in Justice of the Peace precinct No. 3 of Denton County.

We do not think this point is well taken.

Under Article 4477, Vernon's Annotated Civil Statutes, and Rule 36a thereof, each justice of the peace is made the local registrar for his precinct, and the duty is expressly imposed upon him to secure a complete record of each death that occurs within his respective jurisdiction.

The justice of the peace before whom this case was tried, at its inception, is as a matter of law such local registrar and it is conclusively shown that he procured the record of the death of Mr. Robinson, as was his duty. He made the public record thereof, as was required of him. He certified to such record, as local registrar of Precinct No. 3, Lewisville, Denton County, Texas.

With no hint or suggestion on the part of the defendant that this certificate of death was filed in the wrong precinct, that is, in some precinct other than the one in which the deceased died, we are of opinion that we must indulge the presumption that such officer performed the duty imposed upon him by the law of the land.

This public record was introduced in evidence without objection.

In the absence of any evidence to the contrary, we are of opinion that the inference may be properly indulged that Mr. Robinson died in said precinct No. 3.

The trial court properly overruled the plea of privilege.

■ The proposition that the county court was without jurisdiction because the amount in controversy, exclusive of interest, exceeds the sum of $200, is not well taken.

It is affirmatively shown that the plaintiff sued for $199. Her written pleading, which was filed in the justice's court and urged in the county court when the cause was tried on appeal, so shows.

Where, as in this suit, the plaintiff sues for only $199, in which sum there is included only "a reasonable attorney's fee", the mere fact that upon the trial it was agreed to by all parties that a reasonable attorney's fee in the justice court, the county court and the Court of Civil Appeals, "will be $50.00", does not constitute a pleading on the part of the plaintiff for a $50 fee, and the fact that the county court awarded a $50 attorney's fee would not establish the fact that the plaintiff sued for more than she specifically prayed for in her pleading.

■ The fact that the trial court rendered judgment for the plaintiff for more than was sued for did not destroy the jurisdiction of the county court merely because the judgment thus rendered exceeded the jurisdictional sum of the justice of the peace court, where the cause originated. Such error may be readily cured by a remitter, and could have been cured by the county court, if the defendant had seen fit to call such matter to the attention of the county court before the appeal was perfected. But appellant made no effort to cure this easily corrected error, and presents it for the first time here.

■ The contention that the county court was without jurisdiction because the justice of the peace court was wanting in jurisdiction, in that the presiding justice of the peace had been counsel for plaintiff in the subject matter of the suit prior to the institution of the suit before him, is without merit. The record only shows that this justice of the peace did what is commonly done by such officers from Texline to Brownsville and from Texarkana to El Paso: merely wrote the insurer in behalf of Mrs. Robinson's claim for benefits under the insurance policy.

There is nothing in the record to show that the justice of the peace had any financial interest in the matter or that he was employed to collect the sum due under the policy, and when the case was filed, it was brought before the court by an attorney of Mrs. Robinson's selection—one licensed to practice in the courts of Texas.

■ The contention that the justice's court was without power and jurisdiction to try the case on the merits because the defendant excepted to the judgment overruling its plea of privilege and perfected its appeal therefrom and then and there objected to the justice of the peace trying the cause on its merits, is not well taken, and we hold that the cases of Mackay v. King-Collie Co., Tex.Civ.App., 228

S.W. 991, and Panhandle Compress & Warehouse Co. v. Badgett, Tex.Civ.App., 80 S.W.2d 466, do not announce any such doctrine, but the very opposite appears from the opinion in the last named case.

■ The contention that, "Revised Statutes Art. 4736 and Art. 4831a, the twelve percent penalty and reasonable attorney's fee statutes do not apply to appellant, because it is a corporation organized under Title 78, Chap. 8A, 14 Vernon's Statutes, pp. 449, et seq., Art. 4859f, Secs. 1 to 20, and such Article 4736 does not apply to such mutual life insurance corporations so organized without capital stock and not for profit", is without merit.

The record discloses that the defendant insurance corporation, on the trial in the county court, pleaded orally a general demurrer and a general denial.

No effort was made by the defendant to plead or prove that it was organized under the Statute referred to, namely, Art. 4859f, Vernon's Annotated Civil Statutes, governing *Mutual Assessment Life Insurance* corporations.

The record is devoid of proof that this insurance company was organized under, and the proof does not show that it is operating under, the laws governing such insurance companies as the proposition advanced claims it to be, and it made no attempt to show that it had availed itself of the provisions of Art. 4859f by a compliance with the express provisions thereof.

It was mandatory that the defendant comply with the provisions of such law and it was incumbent upon it to plead and prove that it had done so in order to avail itself of the privileges and immunities guaranteed under the law.

This insurance corporation calls itself "Blue Bonnet Life Insurance Company" and there is nothing even in the name to suggest that it is a mutual assessment company.

The evidence is insufficient to establish the fact that it is a mutual assessment insurance company or that it has complied with the express provisions of the statute under which it claims the benefits urged on this appeal.

Bankers Life & Loan Ass'n v. Jayroe, 133 Tex. 287, 127 S.W.2d 291 (opinion adopted by the Supreme Court).

■ There is no merit in proposition No. 10, to the effect that, the insured having died within two years after he was reinstated, the recovery could be for no more than one-half of the amount shown in the policy.

No proof was adduced to show that any such reduction in the amount, for which the contract was issued, was either contracted for or proper in the instant case.

Because of the error in the amount of the judgment as rendered by the county court, the judgment is reformed so as to award the plaintiff $150, the face value of the policy, 12 per cent penalty, being $18, and an attorney's fee of $31, together with six per cent interest on $150 from January 23, 1940, and as so reformed the judgment is affirmed, and the costs taxed against the appellant.