**HERVEY v. FORSE et al.**

No. 4793.

Court of Civil Appeals of Texas.
Beaumont.

Sept. 11, 1952.

Joe Bailey Humphreys, Crockett, for appellant.

Forse, Forse & Bacon, Newton, for appellee.

WALKER, Justice.

This is an appeal from a judgment of the County Court of Newton County, dismissing an appeal from a judgment of the Justice Court in and for Precinct 1 of that County. The appellees were the plaintiffs and the appellant was the defendant. The nature of the plaintiff's demand is not shown by the record, but plaintiffs state in their brief that they sued to recover an attorney's fee. The Justice's judgment refers to a cross action, but the nature of this demand has not been shown.

The record exhibits two proceedings had in the Justice's Court. The first of these concerns a plea of privilege, and the second, the adjudication of the merits of the suit.

Defendant filed a plea of privilege, praying transfer of the cause to Justice Precinct 1 of Houston County; and this plea was overruled. Defendant was present at the hearing, and he attempted thereafter to perfect an appeal to the County Court from the order overruling his plea. He tendered the Justice successively two appeal bonds. The Justice refused to accept the first because he had no information concerning the ability of the sureties to pay the bond, and he refused to file the second for the same reason and also on the ground that the bond was tendered too late. We note that to the second bond were appended certificates by the tax assessor and the county clerk of Houston County showing that the persons who signed this bond were able to pay it.

On the 41st day after the plea of privilege was overruled and thus evidently at the next term of court, see Art. 2380(1), R.S. 1925, the Justice tried the cause on its merits and rendered judgment in behalf of plaintiffs against defendant for $129. This judgment denied defendant any recovery on his cross-action. The defendant was not present at this trial, but the trial court has found that this trial was had "after due notice to Plaintiffs and Defendant."

From this judgment the defendant took an appeal to the County Court; and the plaintiffs moved that court to dismiss the appeal for lack of jurisdiction on the ground that the defendant's appeal bond was defective. The defendant replied to this motion. In his reply he offered to amend his bond if the court found it to be defective. The plaintiffs' motion was sustained; and defendant's prayer for leave to amend his bond was denied. Defendant subsequently moved to set aside this order on grounds which need not be stated. He repeated his prayer that he be given leave to amend his bond, and he tendered a bond to the trial court which is in proper form and which had attached to it a number of certificates from various officers of Houston County showing that the makers of the bond could pay it. Defendant's motion was denied, and he took an appeal to this court.

Opinion

Defendant has assigned four points of error for reversal.

Point 1 assigns as error that by virtue of the bonds tendered the Justice an appeal was effected by defendant to the county court from the order overruling his plea of privilege, and Point 2 assigns as error that this appeal deprived the Justice's court of jurisdiction to try the merits of the cause and that the Justice's judgment on the merits is therefore void.

Point 2 is overruled. Since the Justice denied the plea of privilege, the appeal to the County Court from his order, even if perfected, did not deprive the Justice of jurisdiction to try the merits of the cause. See Pugh v. Childress & Marshall, Tex.Civ.App., 207 S.W.2d 182. Art. 2008, R.S.1925, formerly regulated this matter, and the relevant provision of this statute has apparently been carried into Subdivision (c) of Texas Rules of Civil Procedure 385, and this Rule regulates appeals to the Court of Civil Appeals from various interlocutory orders. However, Subdiv. (c) in operation and effect governs the actions of the District and County Courts after a plea of privilege has been adjudicated by those courts, and it comes within the sense and meaning of T. R. 523 providing that "All rules governing the district and county courts shall also govern the justice courts, insofar as they can be applied, except where otherwise specifically provided". It has not been "otherwise" provided, and Subdiv. (c) was applicable to the Justice's court. This is in accord with the former practice, See Art. 2008, R.S.1925; Blue Bonnet Life Ins. Co. v. Robinson, Tex.Civ.App., 153 S.W.2d 200.

Point 1, as a consequence, presents an immaterial matter. For the attempted appeal from the order overruling the plea of privilege is a separate proceeding. The appeal from the Justice's judgment on the merits did not authorize the County Court to try the plea of privilege if the plea was adjudicated and the cause was tried at different terms. See Smith Bros. Grain Co. v. Windsor & Stanley, Tex.Com.App., 255

S.W. 158; Barron v. James, 145 Tex. 283, 198 S.W.2d 256.

■■ Point 3 assigns as error that the trial court erred in denying defendant's prayer for leave to file an amended bond in his appeal from the Justice's judgment on the merits. The appeal bond filed with the Justice was signed by the defendant as principal, but as surety for his performance the bond mentions a sum of money, and the defendant delivered this sum to the Justice and the latter approved and filed the bond. The security to be given by one appealing from the judgment of a justice court is prescribed by T.R. 571, which prescribes that a bond shall be made and that this shall be signed by "two or more good and sufficient sureties". It does not authorize a deposit of money to be made in lieu of these sureties, and we have found no other Rule so providing. The defendants' bond was therefore defective. See Ringgold v. Graham, Tex.Com.App., 13 S.W.2d 355. This defect was one of substance, but the bond was amendable in the County Court by virtue of T.R. 430. It was held in Ezell v. Knapp & Elliott, 120 Tex. 503, 39 S.W.2d 829, that Art. 1840, R.S.1925, applied to and authorized the amendment of the bond given on an appeal from the justice court to the county court. It was said in Williams v. Wiley, 96 Tex. 148, at p. 153, 71 S.W. 12, 14, in discussing that statute before it was amended so as to apply to appeals from justice courts: "If that which is filed is a bond, though a defective one, and appears to be an attempt to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the case and permit the party to comply with the law." And see Grogan Mfg. Co. v. Lane, 140 Tex. 507, 169 S.W.2d 141. The bond filed by the defendant, though defective, obviously represents an attempt to comply with T.R. 571, and the deposit of cash in lieu of sureties may be explained by the Justice's refusal of another bond, tendered on the attempted appeal from the plea of privilege, which was accompanied by some certificates of officials of Houston County, affirming the ability of the sureties on that bond to pay it. Art. 1840 is now T.

R. 430, and since the Rule is in the language of the statutes and since we have seen no other rule qualifying this language so far as it concerns the justice court, we will apply to T.R. 430 the construction given the statute in Ezell v. Knapp & Elliott. It seems to us that this ought to end the matter, but the Commission held in Ringgold v. Graham that the appeal bond given there did not vest the County Court with jurisdiction and that the judgment of the county court was void; and although the Commission did not refer to any power of amendment it might be thought that that holding had some application here since Art. 1840 was in force at the time. However, it is our conclusion that when the closing sentence of T.R. 571 is added to T.R. 430 the two Rules together show that the defective appeal bond did give the trial court jurisdiction of the defendant's appeal. T.R. 571 concludes with this sentence: "The appeal shall not be dismissed for defects or irregularities in procedure, either of form or subsance, without allowing appellant five (5) days after notice within which to correct or amend same." Were T.R. 430 inapplicable to defendant's appeal to the trial court this provision would authorize the amendment of the defective appeal bond; for the filing of such a bond is a defect or irregularity in the procedure to be followed in perfecting an appeal to the county court. Thus it is also provided in T.R. 571 that "When such bond has been filed with the justice, the appeal shall be held to be thereby perfected"; and see T.R. 573. It is not necessary to determine how the operation of T.R. 430 and the operation of 571 are to be fitted together; but it is to be noted that the concluding sentence of T.R. 571 has its source in Acts 1931, 42nd Legislature, Ch. 134, § 2, amending Art. 2457, R.S.1925. This amendment was made after the Commission decided Ringgold v. Graham, and its incorporation in T.R. 571 necessarily implies that the defective appeal bond vested the trial court with jurisdiction of the defendant's appeal because it forbade the dismissal of that appeal until defendant had been given an opportunity to amend the bond. We have mentioned the fact that defendant

tendered the trial court another bond in lieu of the defective bond. This bond seems to be in proper form, and it would seem that the sureties were then sufficient; the bond is for the same sum as is the bond given on the appeal to this court and the sureties on each bond are the same.

Our holding that the defendant's bond was amendable in the County Court requires that the judgment of that court be reversed and that the cause be remanded, since the judgment appealed from precluded a presentation of the merits of the appeal.

■ Point 4 assigns as error that the justice court was dormant and could not act because the Commissioners Court had not fixed the terms of the justice court. The proof does not support this assignment, and the Point is overruled for that reason. Defendant proved an order of the Commissioners Court dated January 11, 1915, fixing the terms of the justice court for two years, but the evidence does not show whether any other order was or was not made afterward. The judgment appealed to the County Court was dated April 23, 1951, and, there being no proof to the contrary and the justice court being a court of general jurisdiction within the limits set for it, we will presume in support of that court's judgment that the terms had been lawfully fixed. See Koehler v. Earl, 77 Tex. 188, 14 S.W. 28; Edwards v. McGuire, Tex.Civ. App., 165 S.W. 477; Galveston, H. &. S. A. Ry. Co v. Ware, Tex.Sup., 11 S.W. 554. These comments determine the Point, and it is unnecessary for us to go further.

■ We have discussed all Points of Error filed by the defendant. The plaintiffs have filed a counter-point (their Point 5) in support of the judgment, and the substance of the argument made thereunder is that a proper transcript of the Justice's proceedings was never filed in the County Court and that as a consequence the County Court did not get jurisdiction of the appeal from the Justice's judgment on the merits. This contention is made for the first time in this court. The record before us contains the Justice's judgment, the appeal bond, and the other papers and proceedings mentioned in our preliminary statement; but it does not contain a transcript of the entries made in the Justice's docket nor a bill of costs from his fee book. T.R. 574 prescribes that both the transcript and the bill shall be filed in the County Court on the appeal. It has been held that such a transcript must ordinarily be filed, although the court mentioned the existence of exceptions to this rule. Indian Territory Illuminating Oil Co. v. Rainwater, 140 S.W.2d 491. However, T.R. 574 prescribes that the Justice shall file the transcript; the duty to do so was his, not the defendant's, and the Justice's failure to file a complete and perfect record in the County Court did not prevent the vesting of jurisdiction in the County Court. See Satterfield, Inc., v. Rumley, Tex.Civ.App., 121 S.W.2d 390. We are not to be understood by the parties as having determined any question of or concerning diligence, or the lack of it, in defendant's prosecution of his appeal. Such issues were not raised in the trial court and have not been raised here. Subject to this qualification, it is proper to say that the record filed in the County Court can be amended, and we think that the closing sentence of T.R. 571, quoted above, regulates the correction of the irregularities mentioned by the plaintiffs, since the transcript of the entries on the Justice's docket and the other papers required by T.R. 574 to be filed are necessary to the proper presentation of the cause in the County Court. See Pakan v. Pinkston, Tex.Civ.App., 205 S.W.2d 650.

These comments adjudicate all material contentions of the parties. The judgment of the trial court is reversed and the cause is remanded to that court.