**ARGONAUT UNDERWRITERS INSURANCE COMPANY, Appellant,**

**v.**

**Cecil ELLIS, Appellee.**

**No. 3434.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 30, 1959.

Harris, Anderson, Henley & Rhodes, Dallas, for appellant.

Scarborough, Black & Tarpley, Abilene, for appellee.

WALTER, Justice.

Cecil Ellis recovered judgment against Argonaut Underwriters Insurance Company for the sum of $156 for benefits under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

The Industrial Accident Board denied Ellis' claim. He appealed to the justice court in Nolan County where he took a default judgment. The insurance company appealed to the County Court, in which court Ellis made a motion for judgment on three grounds, namely, since the appeal was from a default judgment in the justice court, the insurance company waived any defense to said cause of action; that notice of appeal from the judgment in the justice court was not properly presented and the appeal bond filed was not in an amount double the amount required by Rule 571, Texas Rules of Civil Procedure. On this motion judgment was entered for Ellis. The insurance company has appealed from such judgment contending that none of the grounds set forth in appellee's motion entitled him to a judgment.

We hold the County Court had appellate jurisdiction from the default judgment in the justice court. Article 5, Section 16, Constitution of State of Texas, Vernon's Ann.St. The judgment in the justice court provided that the insurance company was dissatisfied and then and there in open court gave notice of appeal. Appellee has referred us to no authority in support of his position that no proper notice of appeal was given and we have been unable to find any. The appellant timely filed an appeal bond which was defective in that it was for only $200 and not double the amount of the judgment required by Rule 571. In its answer to appellee's motion for judgment the appellant tendered an amended appeal bond for the proper amount. This is permitted by Rules 571 and 430, R.C.P. Also see Hervey v. Forse, Tex.Civ.App., 253 S.W.2d 701.

The judgment of the trial court is reversed and the cause is remanded.