

# THE ATTORNEY GENERAL
# OF TEXAS

June 8, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Stanley R. Watson       Opinion No. JM-1054
County Attorney
Hardeman County                   Re: Location of justice
P. O. Box 506                     of the peace offices in
Quanah, Texas  79252              Hardeman County (RQ-1688)

Dear Mr. Watson:

You advise that the office space used by the justice of the peace is presently located in a building owned by the county that also houses the jail facility, the sheriff's office and offices of the local office of the Department of Public Safety. Information furnished by you reflects that the sheriff wants the justice of the peace moved to the courthouse. This background has prompted your question as to whether the location of that office is within the province of the sheriff or the commissioners court.

Section 292.004 of the Local Government Code provides in pertinent part:

> (a) The commissioners court of a county may provide, inside the municipality designated as the county seat, an auxiliary courthouse, a jail, a parking garage, a facility for district, county, and precinct administrative and judicial offices and courtrooms, or any facility related to the administration of civil or criminal justice.

Information furnished by you reflects that the facility in question is known as the "Law Enforcement Building" and the sheriff, "as keeper of the jail," feels he is authorized to determine who occupies the building.

Section 351.041(a) of the Local Government Code provides:

> The sheriff of each county is the keeper of the county jail. The sheriff shall safely keep all prisoners committed to the jail by a

p. 5488

lawful authority, subject to an order of the proper court.

A justice of the peace is an elected constitutional official. Tex. Const. art. V, § 18.    You advise that the justice of the peace conducts the business of his office, including the trial of cases in the room he occupies.    The fact that the justice of the peace has quarters in the same building where the jail is located does not vest the sheriff with authority to remove the justice of the peace from the building.

We next consider whether the sheriff is vested with authority to determine the location of the justice of the peace under section 291.003 of the Local Government Code (formerly article 6872, V.T.C.S.).    Section 291.003 relates to control of the courthouse, providing "the county sheriff shall have charge and control of the county courthouse, subject to the regulations of the commissioners court."    In Anderson v. Wood, 152 S.W.2d 1084, 1086 (Tex. 1941), the Texas Supreme Court construed article 6872 (now Local Government Code section 291.003), as follows:

> The above statute places the sheriff in charge and control of the court house merely for the purpose of keeping order and preserving the property.    These are ministerial duties that are in keeping with the duties of a peace officer.

In Attorney General Opinion O-4747 (1942), it was concluded that the holding in Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ ref'd w.o.m.), that the commissioners court had discretionary power to allow a person to operate a cold drink stand in an unused alcove in the courthouse was not authority for the sheriff to exercise the same power.    Neither section 291.003 nor section 351.041(a) vests the sheriff with authority to determine the location of the offices of the justice of the peace or of other precinct or county officials in the courthouse or other buildings operated by the county for its official business.

Article V, section 18 of the Texas Constitution provides that the commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."    In Cosby v. County Commissioners of Randall County, 712 S.W.2d 246 (Tex. App. - Amarillo 1986, writ ref'd n.r.e.), it was noted that in the

exercise of powers conferred upon the commissioners court, the court has implied authority to exercise a broad discretion to accomplish the purposes intended. Section 291.001 of the Local Government Code requires the commissioners court to provide a courthouse and offices for county officers. See also Koehler v. Earl, 14 S.W. 28 (Tex. 1890); Alexander v. Svoboda, 297 S.W. 560 (Tex. Civ. App. - Galveston 1927), rev'd on other grounds, 3 S.W.2d 423 (Tex. 1928) (justice court terms held at times and places designated by commissioners court). The commissioners court is the active governing body of the county and has at least the implied authority to regulate the use of the courthouse and other county buildings. See Dodson v. Marshall, supra. It follows that the commissioners court has the authority to determine whether the office of the justice of the peace shall be located in the courthouse or other county owned buildings.

### S U M M A R Y

The location of the quarters in the courthouse or county owned buildings where the justice of the peace conducts trials and the business of that office is within the province of the commissioners court of Hardeman County.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General